### WATERS v. METROPOLITAN ST. RY. CO.

#### (Supreme Court, Appellate Term. December 23, 1903.)

**1. STREET RAILWAYS—COLLISION WITH VEHICLE—FELLOW SERVANTS—IMPUTED NEGLIGENCE.**

Where the driver of a furniture van and his helper, who is injured in
a collision with a street car, are not engaged in a common enterprise or
joint adventure, but are merely fellow servants in the employ of the same
master, but with distinct duties, the driver's negligence is not imputable
to the helper, so as to prevent his recovery.

**2. SAME—CONTRIBUTORY NEGLIGENCE.**

The failure of a person riding in the rear of a van, and who is injured
through a collision with a street car, to jump off the vehicle on foresee-
ing the probability of a collision, is not contributory negligence as a mat-
ter of law, but the question is for the jury, dependent on whether, and
when, a person of ordinary prudence would have jumped, and whether
there was time enough left for the exercise of a deliberate judgment after
the collision became imminent from the ascertained negligence of either
the motorman or the driver of the vehicle, or both.

Appeal from City Court of New York, Trial Term.

Action by Frank Waters against the Metropolitan Street Railway
Company. From a judgment for plaintiff and the denial of a new trial,
defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF, and
BLANCHARD, JJ.

Bayard H. Ames and F. A. Gaynor, for appellant.
Joseph I. Green, for respondent.

BISCHOFF, J. The action was for personal injuries alleged to
have been sustained in a collision between one of defendant's electric

¶ 1. See Negligence, vol. 37, Cent. Dig. § 147.

cars and a van upon the rear end of which the plaintiff was seated at the time. The plaintiff, a helper, and his fellow servant, the driver of the van, were in the employ of one Nathan, and engaged at the time in the moving of furniture. As the van was about to be driven across Second avenue from the west to the east side, between Eighty-Eighth and Eighty-Ninth streets, in the city of New York, the defendant's north-bound car had come to a stop at the corner of Eighty-Eighth street, about 100 feet south of the actual point of the collision. The south-bound track was on the west side and the north-bound track on the east side of the avenue, and the north-bound car struck the van near its rear, and with such violence as to cut it in two. We may concede the driver's negligence in that he drove upon the north-bound track heedless of the approaching car. But there was evidence sufficient to authorize the finding that the motorman in charge of the car was also negligent. The very violence of the impact, sufficient to divide the van, was some evidence which tended to show the extraordinary speed of the car, without which the motorman might, in the exercise of ordinary care, have brought it to a stop, or at least have abated its speed enough to have avoided the plaintiff's injuries. The case was tried and submitted to the jury with the acquiescence of the defendant upon the theory that the plaintiff was not engaged in a common enterprise or a joint adventure with the driver of the van, but that they were mere fellow servants, with distinct duties, in the employ of the same master. The driver's negligence, therefore, was not imputable to the plaintiff (McCormack v. Nassau Electric R. R. Co., 16 App. Div. 24, 44 N. Y. Supp. 684), and the concurrent negligence of the driver and the motorman did not operate to relieve the latter's employer from responsibility to the plaintiff. Spooner v. Brooklyn City R. R. Co., 54 N. Y. 230, 13 Am. Rep. 570. No ruling of the trial court presents the question as to whether the driver's negligence was imputable to the plaintiff. It was not negligence per se that the plaintiff, foreseeing the probability of a collision, did not jump off the van before the moment of its occurrence. He had the right to rely upon the observance of due care by both the driver of the van and of the motorman, or of either of them. He was not compelled to exercise extraordinary vigilance to avoid injury by the anticipation of an omission of ordinary care upon the part of either of the negligent persons. His personal freedom from contributory negligence was, under the circumstances, still a question of fact for the jury. Would an ordinarily prudent person have jumped off the van, and when, and at what particular moment? Was there time enough left for the exercise of a deliberate judgment as to the best means of escaping an injury when the collision became imminent from the ascertained negligence of one or both of the contributing persons? All these were questions within the jury's province to decide, and we must conclude, from the verdict for the plaintiff, that they were severally disposed of in the latter's favor. The exceptions in the record do not present error of gravity, and the judgment and order appealed from should therefore be severally affirmed, with costs.

Judgment and order affirmed, with costs. All concur.