### LE BLANC v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. May 5, 1904.)

1. STREET RAILROADS—PERSONS IN STREET—INJURIES—IMPUTED NEGLIGENCE.

    In an action for injuries to the helper of the driver of a wagon, caused by a collision with a street car, the helper being in the rear of the wagon at the time of the accident, the negligence of the driver, if any, was not imputable to him.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by John Le Blanc against the Interurban Street Railway Company. From an order setting aside a verdict in favor of plaintiff, he appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Watts & Merrill, for appellant.

Henry W. Goddard and William E. Weaver, for respondent.

PER CURIAM. The order appealed from recites that it was made upon a motion to set aside the verdict and for a new trial "upon the exceptions taken on behalf of the defendant at the trial, and because the verdict is contrary to the evidence and contrary to the law and is for excessive damages," and it is impossible to say upon what precise ground the court acted. It is apparent, however, from the cases cited by the learned justice in his brief memorandum, from his rulings upon the trial, and his charge with reference to the question of contributory negligence, that he was of the opinion that the negligence of the driver, if any, was imputable to the helper, plaintiff herein, who was in the rear of the wagon at the time of the accident, and that he did not set aside the verdict as having been against the weight of evidence. It is settled that the negligence of the driver is not imputable to the plaintiff. Waters v. Metropolitan Street Railway Company (Sup.) 85 N. Y. Supp. 1120. Whether or not the helper was negligent and the defendant free from negligence were questions of fact, which were properly submitted to the jury, and their verdict should not have been disturbed.

Order reversed, with costs.