property of the defendant was not his property. This is not available to the defendant.

The plaintiff's affidavit alleges that the goods sold to the defendant, for which he claims he is indebted to him, were sold September 2, 1905. His affidavit was verified June 5, 1905. This is clearly a clerical error, and it may be treated as surplusage. It then leaves the affidavit simply without stating any·time when the goods were sold, nor is it necessary that it should fix a time.

Judgment affirmed, with costs.

(48 Misc. Rep. 647)

PENNA v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 29, 1905.)

1. NEGLIGENCE—IMPUTED NEGLIGENCE—PERSON RIDING IN PRIVATE VEHICLE.
Plaintiff's testator was injured through a collision between a covered express wagon, in which he was riding, and a car belonging to defendant. Testator had nothing to do with the driving of the express wagon, and was not sitting on the driver's seat, but on a trunk inside the wagon, near the rear end. It did not appear that he was in a position to see the approaching car, or that he did see it. *Held*, in an action for the injuries, that any negligence of the driver of the express wagon was not imputable to testator.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, § 147.]

2. APPEAL—QUESTIONS NOT RAISED BELOW.
An objection that testator himself was guilty of negligence preventing a recovery in the action, not made at the trial or raised by any request to charge or by any exception to the charge as made, could not prevail on appeal to reverse the judgment.

Appeal from City Court of New York.

Action by Samuel T. Penna, as executor, etc., of the estate of Frederick Angevine, deceased, against the Interurban Street Railway Company. From a judgment in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Modified.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Bayard H. Ames, for appellant.
Lavinia Lally, for respondent.

SCOTT, P. J. The plaintiff's testator was injured through a collision between an express wagon, in which he was riding, and a car belonging to defendant. There was sufficient evidence of the negligence of defendant's servant. Plaintiff's testator had nothing to do with the driving of the express wagon, and was not sitting on the driver's seat, but upon a trunk inside the wagon, which was covered, near the rear end. It did not appear that he was in a position to see the approaching car, or that he did see it. Under the facts as proven, the driver's negligence, if there was any, is not imputable to plaintiff's testator.

It is urged, however, that plaintiff's testator himself was guilty

of negligence, in that he did not anticipate that there might be danger, and look out for it, and Brickell v. N. Y. C. & H. R. R. R. Co., 120 N. Y. 290, 24 N. E. 449, 17 Am. St. Rep. 648, is cited as authority for so holding. The circumstances in that case were quite different from those in the present, for there the plaintiff was sitting on the driver's seat, with the same opportunity to see the threatening danger as the driver himself had, and it was accordingly held that she should have looked out and warned the driver. In the present case the person injured was in no such position, and the case does not essentially differ from Waters v. Met. St. Ry. Co. (Sup.) 85 N. Y. Supp. 1120, in which a judgment for the plaintiff was sustained. The record does not show that the particular point now relied upon was made at the trial, or that it was raised by any request to charge or by an exception to the charge as made. In our opinion it cannot now prevail to reverse the judgment.

We are of opinion, however, that the verdict was somewhat excessive. The immediate injuries were not serious, and, although the plaintiff testified that he felt pain down to the date of trial, there was no competent evidence, medical or otherwise, to connect that pain with the injury produced by the accident.

The judgment and order appealed from will therefore be reversed, and a new trial granted, with costs to appellant to abide the event, unless plaintiff shall stipulate to reduce the judgment to the sum of $856, in which case the judgment, as modified, and the order, will be affirmed, without costs in this court. All concur.