(No. 5626. Decided September 1, 1905.)

MICHAEL BRENNAN et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — WHEN PROPERLY GRANTED ALTHOUGH THE NEW EVIDENCE IS PARTLY CUMULATIVE. It is not an abuse of discretion to grant a new trial for newly discovered evidence, after a verdict for the defendant, in an action for personal injuries sustained in a fall upon a wooden sidewalk, where six or eight witnesses had testified for the defendant to the effect that a cement walk had been laid and completed at the place in question at the time of the accident, and the newly discovered evidence was that of a city claim agent and of a city inspector, who investigated the case for the city and were not called as witnesses, and who had admitted, and would testify, that at the time of their investigation of the case the cement walk had not been completed.

SAME—DILIGENCE. In such a case lack of diligence is not shown by affidavits to the effect that the claim agent called upon the plaintiffs shortly after the accident and was directed to the place, where the affidavits are conflicting, and plaintiffs did not see him at the place or have any knowledge of the inspector.

SAME—CUMULATIVE EVIDENCE. Such testimony is not purely cumulative, since it establishes a condition at a subsequent date corroborative of the evidence of the plaintiffs as to the condition at the time of the accident.

SAME—DISCRETION OF THE COURT. The granting of a new trial should not be reversed as an abuse of discretion, if the ends of justice are subserved, although not warranted under a strict construction of the procedure according to the letter of the law.

SAME — PROCURING AFFIDAVITS OF NEW WITNESSES — EVIDENCE AGAINST INTEREST. Upon an application for a new trial on account of newly discovered evidence, it is a sufficient excuse for failure to produce the affidavits of the witnesses that they were in the employ of the adverse party and their evidence would be against the interest of their employer.

Appeal from an order of the superior court for King county, Griffin, J., entered December 13, 1904, granting a new trial for newly discovered evidence, after a trial and the verdict of a jury in favor of the defendant, in an

[1]Reported in 81 Pac. 1092.

action for personal injuries sustained by a pedestrian in a fall upon a sidewalk.   Affirmed.

*Wm. Parmerlee (Scott Calhoun,* of counsel), for appellant. It was necessary to produce the affidavits of the newly discovered witnesses.   14 Ency. Plead. & Prac., 825-827; *Caldwell v. Dickson,* 29 Mo. 227; *Eddy, Fenner & Co. v. Caldwell,* 7 Minn. 225; *Jones v. State,* 35 Fla. 289, 17 South. 284; *State v. Hall,* 97 Iowa 400, 66 N. W. 725.   Evidence is not newly discovered if known to a client although not known to the attorney. *Isaacs v. People,* 118 Ill. 538, 8 N. E. 821; *Pace v. State,* 63 Ga. 159; *Russell v. Oliver,* 78 Tex. 11, 14 S. W. 264.   The evidence was cumulative.   *O'Toole v. Faulkner,* 34 Wash. 371, 75 Pac. 975; *Fox v. Reynolds,* 24 Ind. 46; *Lefever v. Johnson,* 79 Ind. 554; *State v. Hendrix,* 45 La. Ann. 500, 12 South. 621; *Nininger v. Knox,* 8 Minn. 140; *Shute v. Jones,* 24 N. Y. Supp. 637; *Benson v. Hamilton,* 34 Wash. 201, 75 Pac. 805; *State v. Underwood,* 35 Wash. 558, 77 Pac. 863.

*G. M. Emory,* for respondents.   Every presumption is in favor of sustaining the discretion of the court in granting a new trial.   14 Ency. Plead. & Prac., 979-981; *Gruss v. Robertson* (Cal.), 37 Pac. 772.   Technical rules of practice should be brushed aside.   *Jones v. Evans,* 28 Wis. 168; *Ewing v. Price,* 3 J. J. Marsh. (Ky.) 520.   The proof of a distinct fact tending to establish the same result is not cumulative. 8 Am. & Eng. Ency. Law (2d ed.), 462; *Parker v. Hardy,* 24 Pick. 246; *Howland v. Reeves,* 25 Mo. App. 458; *Bigelow v. Sickles,* 75 Wis. 427, 44 N. W. 761; *Able v. Frazier,* 43 Iowa 175; 14 Ency. Plead. & Prac., 816-819; *Oakley v. Sears,* 1 Abb. Prac. (N. S.) 368; *Wilson v. Plank,* 41 Wis. 94; *Keeler v. Jacobs,* 87 Wis. 545, 58 N. W. 1107; *Grogan v. Chesapeake etc. R. Co.,* 39 W. Va. 415, 19 S. E. 563; *Cole v. Fall Brook Coal Co.,* 16 N. Y. Supp. 789; *Leavy v.*

*Roberts,* 8 Abb. Prac. 310; *German v. Maquoketa Sav. Bank,* 38 Iowa 368; *St. John's Ex'rs v. Alderson,* 32 Grat. (Va.) 140; *Wynne v. Newman's Adm'r,* 75 Va. 811; *Boggess v. Read,* 83 Iowa 548, 50 N. W. 43; *Layman v. Minneapolis etc. R. Co.,* 66 Minn. 452, 69 N. W. 329; *Waller v. Graves,* 20 Conn. 306. Cumulative evidence alone is sufficient if manifest injustice will be done unless the new trial is granted. 14 Ency. Plead. & Prac., 820; *Mitchell v. Bass,* 26 Tex. 372; *Wolf v. Mahan,* 57 Tex. 171; *Wilcox Silver Plate Co. v. Barclay,* 48 Hun 54; *Bulkin v. Ehret,* 29 Abb. New Cas. 62, 20 N. Y. Supp. 731.

Root, J.—Respondents instituted this action to recover from the city of Seattle damages resulting from an injury to Mrs. Brennan, incurred by a fall. They allege that she was walking on a · public street near the intersection of Eleventh avenue and Marion street; that the city had a board sidewalk (theretofore existing) torn up, and that certain nails or spikes were left projecting from the curbing in such a manner as to catch the garments of said respondent, and to trip and cause her to fall, while passing along with a baby in her arms. One shoulder was seriously injured, and she was otherwise injured to some extent. Her testimony, and that of her husband, sustained the foregoing statement of the facts. The appellant introduced the evidence of six or eight witnesses to the effect that a cement walk had already been laid at the place where respondents claim the accident to have occurred, and that Mrs. Brennan could not have fallen at the place indicated by respondents' testimony. It appears that the defense was made for the city by the contractor who had charge of making the improvements where the accident was alleged to have occurred.

The jury returned a general verdict favorable to the city, and a special finding to the effect·that said respondent did not fall at the place alleged by respondents. The verdict

was so returned June 20, 1904. On July 16, 1904, respondents filed a motion for an order extending the time within which a motion for a new trial might be interposed. The motion was granted. A motion for a new trial was then filed, based upon the ground of newly discovered evidence. Said motion was supported by the affidavit of respondents' attorney. In said affidavit he stated that, on the 16th day of July, 1904, one J. H. Dennis, who was a claim agent in the employ of the city, had stated to him that he (Dennis), in the discharge of his duties as such agent, had made an examination of the premises some three or four days after the accident, and that the cement walk was not at that time laid, but that the conditions were as testified to by respondents; that a certain inspector had accompanied Dennis and observed the same as he. The attorney's affidavit further stated that these facts were unknown to him, or to respondents, or either of them, and that they could not have been ascertained before the trial by the exercise of reasonable diligence. The affidavit further stated that both of these men would be present and give such evidence, if a new trial should be had. In answer to this affidavit, appellant filed that of said Dennis. This affidavit neither affirmed nor denied that the affiant and said inspector had made the examination referred to in the affidavit of respondents' attorney; but stated that affiant had called at respondents' home, inquired as to the place of the accident, told respondents that he was going there to examine the premises and started away in that direction. The affidavit also stated that affiant's testimony would be merely cumulative. Respondents did not produce or file affidavits of either Dennis or the inspector. Upon this showing, the trial court made and entered an order granting a new trial, solely upon the ground of newly discovered evidence. From this order, an appeal is taken to this court by the city.

Tested by a rigid and technical application of the rules

ordinarily invoked in the decision of a motion for a new trial upon the ground of newly discovered evidence, this showing might be deemed insufficient. But viewed liberally, in the light of the peculiar circumstances shown to exist, we think the action of the trial court justifiable. Ordinarily this court will not disturb the ruling of the trial court in granting a new trial upon the ground of newly discovered evidence, or upon any ground involving questions of fact, unless it appears very clearly to have been an abuse of discretion. We do not think it so appears here. It is urged that no affidavits of the witnesses who are relied upon to furnish the newly discovered evidence are presented. To this it may be answered that the affidavit of one of these men is before the court, it having been interposed by appellant as an answer to the affidavit of respondents' attorney. This affidavit is, to a certain extent, an admission of material portions of said affidavit of respondents' attorney. But, aside from this, we think the fact that these persons were both employees of the city is, in itself, ample excuse for not presenting their affidavits. To ask them to give affidavits setting forth the matters which it is claimed they could testify to, would be to request them to place themselves in a very embarrassing position. It would be but natural for them to decline to furnish affidavits to be used in court against their employer, the city. We think respondents were not required to produce affidavits from these men.

It is urged that the alleged newly discovered evidence was, as a matter of fact, not newly discovered, but known to respondents before the trial. The affidavits are to a certain extent conflicting as to this. Respondents claim they did not know of this evidence. Dennis, the claim agent, set forth that he called at respondents' home a few days after the accident, and, upon being told where they claimed the accident occurred, told them he was going there to examine the premises, and started off in that direction.

It does not appear that they saw him there or knew that
he did go there. It appears affirmatively that respondents'
attorney did not know anything about this incident. It
is not claimed that respondents at that time knew anything
about the inspector who was with Dennis when he examined
the premises, or had any knowledge or intimation that said
inspector was to, or that he ever did, examine the locality
of the accident. Consequently, the evidence of this inspec-
tor would be clearly newly discovered.

Stress is laid upon the contention that the newly discov-
ered evidence would be merely cumulative. We do not
regard it so. While in a general way it is such, as bear-
ing upon the condition of the sidewalk at the time of the
accident, yet it bears upon that question in a different way.
It tends to establish a condition at a subsequent date, cor-
roborative of the evidence of respondents as to what the condi-
tion was at the time of the accident. But even if it were
to be deemed simply cumulative, this fact would not con-
clusively determine the motion against respondents. It is,
of course, a general rule that new trials are not to be
granted upon the ground of newly discovered evidence which
is merely cumulative. But this rule is not without ex-
ceptions. And like other rules of law and procedure, it
is not to be invoked in a given case where its application
would tend to defeat the ultimate purpose for which all
such rules are ordained, the accomplishment of substantial
justice.

The purpose of the trial of an issue of fact by a judge
or jury is to ascertain the truth. When the truth is elicited
and the facts established, then the court may apply the law
in such a manner as to mete out justice. But, if anything
has prevented the ascertainment of the truth as to the facts
of a case, in arriving at and announcing a finding or verdict,
it necessarily follows that a judgment thereupon cannot be
just or right. Courts should not permit results of this kind
to stand if the law furnishes any remedy for the wrong.

To enforce a rule of law or procedure according to the letter, and thereby stifle the spirit, is a perversion of justice that should not be tolerated in our jurisprudence. "The letter killeth, but the spirit giveth life," wrote a great interpreter centuries ago. The observation is often especially pertinent to human law. To a certain extent, rules of procedure are indispensable to the orderly despatch of judicial business; but these rules were intended for, and must be applied as, the servants, rather than the masters, of a court. An eminent English judge once said that nothing but an imperative mandate of an Act of Parliament justified a court in applying a rule where its effect would manifestly be to defeat the ends of justice. There may be times when the law leaves no discretion to the court; but, under any other circumstances, no court is justified in applying a rule or principle the evident effect of which would be to work an injustice and wrong.

In determining what is an injustice or wrong, regard must, of course, be had not merely to the interests of the parties in a given suit, but also to the rights and welfare of the people of the state as a whole. Injury and hardship do not always, or necessarily, constitute injustice or wrong. The objections urged by appellant are technical in their nature. They go merely to the question of strict legal right, rather than to the justice and righteousness of the cause. To have sustained them would have been to disregard the merits of the cause and the appearances of fair dealing. Not only should courts endeavor to have their proceedings fair and impartial, and their judgments comporting with justice and the right of the matter, but they should carefully avoid any course of action having the appearance of anything else. It is important that the public should feel that its courts are disposed to employ their machinery with a determination to mete out justice, as fully as possible, disregarding technicalities and matters

of form where their application would defeat the very ends for which courts are instituted.

In the light of these observations, let us look at the peculiar facts of this case. The two respondents testify to a certain material fact. They are contradicted by six or eight witnesses for appellant. The jury does not find the preponderance of the evidence to be with respondents. A verdict is returned for appellant. Afterwards, it is ascertained that two employees of appellant had made an examination of the premises in question shortly after the accident, and found the condition thereof to be just as respondents had testified. These employees were not called as witnesses by the city. This fact would indicate that they could not have given testimony favorable to it. Had they been called as witnesses by respondents, and testified as the affidavits allege, it is not certain that the verdict would have been different; but it is quite possible that it would have been. The fact that one of these men was the claim agent of the city, charged with the especial duty of investigating such accidents, would certainly have rendered his evidence very important and especially weighty when antagonistic to the contention of the city, his employer. The testimony of the other man, being an inspector in the service of the city, would likewise have challenged the careful consideration of the jury. The showing was to the effect that both of these men would testify, in case of a new trial, so as to establish the material fact in accordance with respondents' contention. This evidence, being against interest, must be regarded as likely to have much weight with the jury. It not having been produced on the first trial, it is evident that the result was there obtained in the absence of very important material evidence. That evidence being discovered shortly after the trial, and its production guaranteed in case of a new trial, it would seem that consideration of fair dealing and justice very naturally and properly actuated the trial judge in granting the new

trial. To have done otherwise, would have permitted technicalities to override considerations of justice and right. Respondent Margaret Brennan was seriously injured. If these injuries occurred as she and her husband testified, they were certainly entitled to a recovery. While the newly discovered evidence might not change the finding of the jury on this question, it might do so; and it is certain that the final result, with such evidence in the case, would be more satisfactory to fair-minded, justice-loving people than would a trial with such important evidence omitted.

Not finding any abuse of discretion in the action of the trial court, the order appealed from is affirmed.

MOUNT, C. J., CROW, RUDKIN, and HADLEY, JJ., concur.