[No. 6734.  Decided June 11, 1907.]

MICHAEL BRENNAN *et al.*, *Respondents*, ·v. THE CITY OF
SEATTLE, *Appellant.*[1]

TRIAL—NEW TRIAL—MISCONDUCT OF JUROR—APPEAL—HARMLESS
ERROR. In an action for injuries sustained through a fall on a side-
walk, which was torn up preparatory to laying a cement walk, a
statement of a juror, who visited the premises, as to whether the
curb had been raised or lowered, as it looked to him during the trial,
which was three years after the accident, is not prejudicial error or
ground for new trial, on the ground that it contradicted the testi-
mony of a witness, where the court instructed the jury to disregard
such statement, and when the question whether the curb had been
raised or lowered was entirely immaterial.

TRIAL—NEW TRIAL—MISCONDUCT OF COUNSEL—APPEAL—HARMLESS
ERROR. Misconduct of counsel in argument in referring to a decision
of the supreme court upon a former appeal is not reversible error
or ground for a new trial, where, upon objection, the court instructed
the jury to disregard the same, and both sides had made repeated
reference to the decision, and where no abuse of discretion in refus-
ing a new trial on that ground appears.

APPEAL—REVIEW—VERDICTS. A verdict of a jury will not be set
aside where the weight of the evidence and the credibility of the
witnesses was for the jury, and the trial court denied a new trial.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered December 24, 1906, upon the
verdict of a jury rendered in favor of the plaintiffs, in an
action for personal injuries sustained by a pedestrian through
a defective sidewalk.  Affirmed.

*Scott Calhoun, Elmer E. Todd,* and *John W. Roberts,* for
appellant.

*R. P. Oldham,* for respondents.

ROOT, J.—This is an action for the recovery of damages
occasioned respondent Mrs. Brennan, from a fall alleged to
have been caused by catching her foot between a couple of

[1]Reported in 90 Pac. 434.

spikes in a stringer from which the boards of a sidewalk had been torn up by the city preparatory to laying a cement walk along one of its streets. The case was before this court once before, and may be found reported in 39 Wash. 640, 81 Pac. 1092, to which reference is made for a more complete statement. Upon the second trial a verdict and judgment thereupon were entered in favor of respondents. From the judgment this appeal is taken.

During the progress of the trial, while a witness for the city—an inspector—was upon the stand, a juryman interposed a remark, and the following proceedings occurred:

"Juror: The curb he stated yesterday it was raised. Witness: We raised it about two or three inches. When the curb was put in there with the old wooden walk and come to put in cement it was too low. We had to make the corners level and we raised the curb. Juror: I went past there last night and this morning also, and the way it looks to me it has been cut down two inches. Witness: No, we raised it. It was too low. Mr. Roberts: We note an exception in the record to the statement of the juror made in the presence of the other jurors that he had examined these premises and stating the result of this examination. The Court: What is your name (addressing juror)? Juror: Christman. The Court: I presume you do not realize it, but you are not permitted to go and look at premises unless all the jury goes under the instruction of the court, and anything you saw there yesterday or whenever it was, you will disregard entirely and the rest of you jurors will disregard the statement of Mr. Christman entirely as if it had not been made. Anything that you saw there, when you go into your jury room to make up your decision along with the rest of you jurors, you will disregard as if you had never seen it at all. You are to take the testimony which you received from the witness stand and that alone. Juror: I will state I did not go purposely. I was on my way home. The Court: I understand. You just happened to go up past there. Mr. Roberts: One of the jurors having made a voluntary statement that he had gone and examined these premises and having stated in the presence of all the other jurors the result of the examination, the defendant now objects to proceeding any further with this

trial with this jury and asks the court now to discharge the jury and order a new trial of this cause. The Court: The request will be denied, and under the instruction which the court, the positive instructions which the court gave the jury before this motion was made, the motion is denied. Mr. Roberts: We will note an exception."

It is urged by the appellant that the conduct of the juror was so highly improper as to constitute an irregularity justifying a new trial; that he had no right to visit the premises, and that his statement to the jury was in effect a contradiction of the city's chief witness and was calculated to discredit the witness in the minds of the other jurymen.

There is no question but that the conduct of this juror in visiting the premises and in making the remark which he did, constituted a serious irregularity. But in the light of all the circumstances of this case, we do not believe that the lower court abused its discretion in refusing to grant a new trial upon this ground. The condition of the premises at the time the juryman looked at them could not possibly shed any light upon any of the issues involved in the case, the accident having occurred some three years prior thereto, and it being conceded that the situation was entirely changed since then. Consequently the juryman could not get any material evidence by inspecting the premises at the time he did. It can scarcely be said that the juryman contradicted the witness. He simply stated how the situation looked to him, which was not necessarily an imputation that the witness for the city had purposely or inadvertently misstated any fact. Moreover, the condition of the curb and the question of whether it had been raised or lowered were absolutely immaterial matters. Neither had any bearing whatever upon any issue in the case. The condition of the curb since the putting in of the cement being entirely immaterial, and there being nothing to indicate that the witness for the city was discredited by what the juror said, we are inclined to think that the instructions which the trial court promptly gave to the jury, to the effect that they

should absolutely disregard any statements the juror had made and should decide the case solely upon the evidence re-ceived from the witness stand, were sufficient to relieve the incident of any prejudice to the rights of the appellant.

In the course of his argument to the jury, the attorney for respondents, in referring to the testimony to the effect that respondents had lost their case upon the first trial, made the remark that the "supreme court must have thought she had a good case or it would not have sent it back for another trial." Objection was promptly made by one of appellant's attorneys and sustained by the court, who cautioned the counsel against any argument as to what had occurred in the supreme court, and directing him to confine the argument to the evidence adduced on the witness stand. It is urged that this was misconduct such as should have entitled appellant to a new trial. The statement complained of was reprehensible and does not comport with the usual orderly methods characteristic of the attorney who made it. An appeal of this kind to a jury under certain circumstances might constitute reversible error, but in this case reference had been repeatedly made to the former trial by both sides, and under all of the circumstances, we cannot say that the trial court abused its discretion in declining to grant a new trial upon this ground. Besides what the court said at the time the two incidents occurred, instructions in the general charge at the end of the trial cautioned the jury against considering remarks of counsel or juryman, and specially directed them to base their verdict solely upon the evidence properly introduced.

It is urged by appellant that the verdict is not sustained by the evidence, but is contrary to the weight thereof. There was much conflict in the evidence upon some of the most material points. However, there was plenty of competent, material evidence which, if believed, could justify the jury in its verdict. It was a case where the credibility of the evidence and the matter of its weight were questions for the jury, and the trial judge having denied the motion for a new trial, the

condition of the record docs not justify us in setting aside the verdict.

Appellant contends that the trial court erred in refusing to strike from the affidavit of jurors the statement that they were not influenced by any talk concerning the appeal to the supreme court, and that they were not influenced by what had taken place with reference to the juror who visited the premises. Under our view of the case these matters become immaterial.

The refusal to grant a new trial is assigned as error, but no reasons are urged aside from those heretofore mentioned. Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, CROW, DUNBAR, and MOUNT, JJ., concur.