[No. 7545. Decided March 26, 1909.]

THE CITY OF SEATTLE, *Respondent*, ·v. JOHN C. REGAN & COMPANY *et al.*, *Appellants.*[1]

INDEMNITY—AGREEMENT TO SAVE HARMLESS FROM JUDGMENTS—CONCLUSIVENESS OF JUDGMENTS—NEGLIGENCE OF CITY CONTRACTOR—BONDS. In an action upon a contract and bond of indemnity given by sidewalk contractors and their surety, wherein they agreed to save the city harmless from all actions and judgments for damages by reason of the negligence of the contractor, a judgment recovered against the city in an action the defense of which was duly tendered to the contractors and surety, is conclusive against them of the fact that a defect existed in the street, and was not properly guarded; the only question remaining being whether the contractors were the responsible cause of the defect.

SAME—CAUSE OF ACCIDENT—EVIDENCE—SUFFICIENCY—MUNICIPAL CORPORATIONS—STREETS. In an action upon an indemnity bond there is sufficient evidence to sustain a finding that sidewalk contractors were responsible for a defect in a street, consisting of protruding

[1]Reported in 100 Pac. 731.

spikes left after tearing up planks, where one of their employees testified to having torn out the planks, although he claimed that he drove down all protruding spikes and nails, it having been conclusively determined in another action that he was mistaken in such claim.

SAME—DEFENSES—DISCHARGE OF INDEMNITORS—DILATORY OBJECTIONS—EFFECT OF WAIVER. The fact that an action against a city for damages was prematurely commenced, after rejection of the claim (the charter provisions requiring a delay of sixty days) and waiver of the objection by the city's counsel, is not a bar to a recovery over against contractors and a surety upon an indemnity contract and bond to save the city harmless from the action, where they refused to appear and defend; since the same amounted to only a dilatory objection and would not have barred another action.

Appeal from a judgment of the superior court for King county, Griffin, J., entered May 1, 1908, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action upon an indemnity bond. Affirmed.

*Roberts & Hulbert*, for appellants.

*Scott Calhoun* and *Bruce C. Shorts*, for respondent.

FULLERTON, J.—In July, 1903, John C. Regan & Company entered into a contract with the city of Seattle by the terms of which they agreed, for a stated consideration, to construct concrete sidewalks between certain designated points. The contract was in writing and contained, among others, a condition to the effect that the contractors would erect and maintain good and sufficient guards, barricades and signals at all unsafe places at or near where the work contemplated in the contract was to be done, and would indemnify and save harmless the city of Seattle from all suits and actions of every name and description brought against the city for or on account of any injuries or damages received or sustained by any person by reason of the failure of the contractors to erect and maintain such guards, barricades or signals, or by or in consequence of any negligence on the part of the contractors, their agents or employees, while carrying on the work. The contractors, also, at the time of entering

into the contract, gave a bond to the city, with the appellant National Surety Company as surety, conditioned that they would faithfully perform all of the conditions of the contract. The contractors thereafter entered upon the performance of the work, and while so engaged, one Margaret Brennan, while passing along the street where the work was being carried on, caught her foot on some large nails or spikes that had been left protruding through a girder of an old wooden walk, the top boards of which had been removed to make room for the cement walk, and was thrown down and injured.

The accident to Mrs. Brennan occurred August 20, 1903, and on September 14 thereafter she duly filed with the city clerk of the city of Seattle a claim for damages, as prescribed in the city charter. This claim was rejected by the city, and on October 3, 1903, she brought an action in the superior court of King county against the city to recover for her injuries. The city, conceiving that the obstruction causing the injury was one for which the contractors were liable, served a written notice upon them and their surety notifying them of the pendency of the action, and tendering them its defense. Neither the contractors nor the surety appeared, and the city itself defended. The case was twice tried to a jury. The first trial resulted in a verdict for the city. This verdict was set aside by the trial court, and on appeal its order to that effect was affirmed by this court. *Brennan v. Seattle*, 39 Wash. 640, 81 Pac. 1092. On the second trial a verdict was returned against the city for $999, and a judgment entered against it for that sum, with costs. This judgment was likewise affirmed by this court on the appeal of the city. *Brennan v. Seattle*, 46 Wash. 427, 90 Pac. 434. The city thereupon paid the judgment and brought the present action against the contractors and their surety on the bond to recover the amount so paid. The case was tried before the court sitting without a jury, and resulted in a judgment in favor of the city for the amount paid in satisfaction of the judgment Mrs.

Brennan recovered against it.  From this judgment the con-
tractors and surety appeal.

The principal assignments of error question the suffi-
ciency of the evidence to sustain the judgment.  It is con-
tended that the court gave too great an effect to the judg-
ment obtained by Mrs. Brennan against the city; that it
held that the negligence of John C. Regan & Company was
conclusively established by that judgment; that it denied the
appellants the right to dispute liability for the defect which
it is alleged caused the injury to Mrs. Brennan; and that,
at the final argument and hearing, it excluded all evidence
of the appellants on the question of guards and barricades
and all evidence on the question whether the injury occurred
upon the work of the contractors.  Our examination of the
record, however, convinces us that the court's ruling was
not so broad as these objections would indicate.

The judgment offered in evidence, since the appellants
were notified of the pendency of action in which it was ob-
tained and were given an opportunity to defend that action,
was conclusive of every fact necessary to be proven in order
to entitle the plaintiff therein to recover; that is to say, it
was conclusive evidence of the existence of the defect in the
street, of the primary liability of the city for existence of
such defect, of the fact that the plaintiff in that action was
injured without fault on her part, and of the amount award-
ed her in the judgment.  It was not, of course, conclusive of
the fact that the contractors were the cause of the defect
on which the plaintiff was injured.  But when the city proved
the contract and bond, by which it appeared that the appel-
lants had undertaken to save the city harmless from an
action for damages brought against it by negligence on the
part of the contracting appellant, and proved the judgment
obtained against it by Mrs. Brennan, and so much of the
judgment roll therein as showed the nature of the defect
on which the recovery was had, and the fact that the appel-

lants had been given timely notice to defend that action, nothing remained to be proven in order to make a case against the appellants other than the fact that the contractors were the responsible cause of the defect for which the recovery was had. The city was not obligated to show, as the appellants argue, that the defect must have been upon some part of the work they were engaged in constructing. They could not, without incurring liability upon their bond, throw the materials of the old sidewalk it was necessary for them to remove into the middle of the street merely because their work did not extend to that part of the street; nor could they, without incurring such liability, take up the boards and leave exposed girders containing dangerous nails and spikes, even though the boards so removed were outside of their work, and it was no part of their duty to remove that part of the walk. Nor did the trial judge deny to the appellants the right to introduce evidence tending to show that they did not cause this defect. On the contrary, he gave them the fullest opportunity to show this fact; he merely denied their right to contest anew the question whether any defect existed at the place where the injury was alleged to have occurred, and whether the defect, if it did exist, was properly guarded. *Denny v. Sayward,* 10 Wash. 422, 39 Pac. 119; *Doremus v. Root,* 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649; *Spokane v. Costello,* 33 Wash. 98, 74 Pac. 58; *Spokane v. Costello,* 42 Wash. 182, 84 Pac. 652; *Seattle v. Saulez,* 47 Wash. 365, 92 Pac. 140; *American Bonding Co. v. Loeb,* 47 Wash. 447, 92 Pac. 282; 23 Cyc. 1273d; 24 Am. & Eng. Ency. Law (2d ed.), p. 740.

The next objection raises the question of the sufficiency of the evidence to justify the finding of the court to the effect that the contractors were responsible for the defect which caused the injury recovered for in the action of *Brennan v. Seattle, supra;* but without entering upon a review of the evidence at length, we think it decidedly preponderates

in favor of the finding. One of the employees of the con-
tractors testified that he himself tore up the old walk at the
place of the injury, and that it was torn out for its full
width. In this he is corroborated by a number of witnesses
who testified as to the condition of the place immediately be-
fore and after the accident. It is true this witness states
that he drove down all of the spikes and nails that were left
protruding by the removal of the boards of the walk; but
as to this, if he were not mistaken in fact, the question was
concluded against the appellants by the result of the other
trial, as that was a question, and a necessary question, at
issue in that trial. We are of opinion, therefore, that the
trial judge correctly determined the issues of fact.

The city charter of the city of Seattle provides that no
action shall be begun against the city on a claim for personal
injuries until sixty days have elapsed from the time the
claim for such damages is filed with the city. This action, as
will be observed from the dates above given, was begun with-
in less than sixty days after the filing of the claim with the
city, although not until after it had been rejected by the
city council and notice thereof given the claimant. After the
action had been begun this objection was waived by the city's
counsel, and this waiver is thought to relieve the appellants
from liability, since, as they contend, the objection if raised
would have been fatal to the maintenance of the action. But
we think this objection not tenable. It may be that had the
objection been insisted upon, this particular action could
not have been maintained. But the dismissal of this action
for that reason would not have been a bar to the prosecution
of another action for the same cause, and only a few days
delay could have been gained at most by an insistence upon
the objection. As a defense, therefore, it was no more potent
than any other dilatory motion counsel might have filed and
insisted upon. But it is not the rule that a defendant must,
in this kind of a case, insist on every objection that sug-

gests itself in order to be able to bind the person liable over to him for any recovery that may be had therein. He is only required to exercise good faith and avoid fraud and collusion to be entitled to so recover. The purpose of the notice to the person liable over is to give him a chance to make such defenses to the action as he deems fit. But to make such defenses he must come into the action. He cannot stay out of the case and at the same time dictate to his principal what defenses shall be interposed. This would be giving him the double advantage of having such issues determined as he wished determined without subjecting himself to the corresponding hazards arising from their presentation, and such is not the policy of the rule.

We have not overlooked the case of *Seattle v. Northern Pac. R. Co.*, 47 Wash. 552, 92 Pac. 411. While a majority of the court think a correct result was arrived at in that case, we think the language used in some instances was unwarranted and contrary to what had been previously decided by us. To the extent that it is thus conflicting we do not feel constrained to follow it.

The judgment appealed from is affirmed.

RUDKIN, C. J., CROW, DUNBAR, CHADWICK, and GOSE, JJ., concur.

MOUNT, J.—I concur in the result in this case, but not in the criticism of *Seattle v. Northern Pac. R. Co.*