[No. 14167. Department One. February 14, 1918.]

ED ROE *et al.,* *Appellants,* v. EDGAR C. SNYDER *et al.,*
*Respondents.*[1]

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE. It is not
error to grant a new trial for newly discovered evidence of admissions against interest upon a disputed point; and want of diligence
in failing to discover the witnesses is not shown by the fact that
they were attorneys and intimate with the plaintiff, where it appears that plaintiff had no knowledge or notice of any admissions
made to them.

SAME — NEWLY DISCOVERED EVIDENCE — CUMULATIVE EVIDENCE.
Where evidence as to the terms of an oral contract was in direct
conflict and there was no evidence of any admission by either
party as to what the contract was, newly discovered evidence of admissions against interest upon a point in issue is not merely cumulative, but is evidence of an independent fact and ground for granting a new trial.

SAME—NEWLY DISCOVERED EVIDENCE—DISCRETION. Whether newly discovered evidence would probably effect a different result is a
question peculiarly addressed to the discretion of the trial court
which will not be disturbed except for abuse.

Appeal from an order of the superior court for King
county, Smith, J., entered January 29, 1917, granting a
new trial, after the verdict of a jury rendered in favor
of the plaintiffs, in an action for money received. Affirmed.

*Eugene A. Childe,* for appellants.
*Tucker & Hyland,* for respondents.

ELLIS, C. J.—This is an appeal from an order granting a new trial on the ground of newly discovered.evidence, after a trial before a jury and a verdict for appellants.

Respondents, lawyers of Seattle, had performed legal services for appellants in three different cases.
One of these was *State ex rel. Roe v. Seattle,* 88 Wash.

[1]Reported in 170 Pac. 1027.

589, 153 Pac. 336. The present suit involves the fees charged by respondents for such services. The sole question was as to what was the contract under which these services were performed. Appellants claimed that the agreement was that the case of *State ex rel. Roe v. Seattle,* if taken to the supreme court, should be conducted by respondents for a fee of $70, and that the other two cases, one involving a misdemeanor, the other a charge involving a felony, should be conducted for a fee of $30 each. Respondents, on the other hand, claimed that the agreement was that they should conduct the case against the city for one-half of any amount which might be recovered from the city, which should also cover their fees in the other two cases.

The evidence on behalf of appellants, consisting of their testimony and that of the wife's father, mother and brother, was positive in support of appellants' version of the agreement. The testimony of the two respondents was just as positive in support of their version.

The affidavits filed in support of the motion for a new trial were mainly those of two disinterested persons to the effect that appellant Ed Roe had stated to each of them in substance, at different times prior to the decision of this court in the case of *State ex rel. Roe v. Seattle,* and prior to the inception of the present controversy, that respondents had taken that case on a contingent fee of one-half of any amount that might be recovered against the city in that litigation. There were affidavits of two other disinterested persons to the effect that, while the case against the city was pending, Roe had told them that the litigation was costing him nothing, that all he wanted was revenge or a vindication, and that he did not care if the attorneys kept all the money which might eventually be recovered from the city. Respondent Horner presented his own

affidavit to the effect that he knew nothing of these admissions till the information was volunteered to him by the other affiants after the verdict had been rendered in this case. Counter affidavits were filed by appellants and others controverting more or less positively the matters set out in the affidavits for a new trial.

Certain affidavits touching a collateral matter and purely impeaching in character were also filed in support of the motion, but we shall not further notice these, since, if the order appealed from be sustained, it must be on the affidavits to which we have particularly referred.

Appellants contend that the court erred in granting a new trial for two reasons. (1) That respondents, with reasonable diligence, could have discovered the new evidence relied upon and produced it at the trial. (2) That the new evidence was purely cumulative.

I. Was the showing of diligence sufficient? The newly discovered evidence obviously tended to prove admissions of appellant Ed Roe made prior to the present controversy and against his interest. Two of the persons to whom these admissions were made were attorneys who at different times had occupied offices with respondent Horner. It is urged that this fact should have led Horner to discover whatever they knew touching the controversy. But Horner's affidavit is positive that he did not know that any such admission had ever been made until the fact was volunteered to him by these attorneys, and that through them he was led to interview the other affiants. Appellants make no claim that Snyder's relation to any of the affiants was such that he could reasonably have been expected to talk with them touching the case. Their whole claim is that Horner's intimacy with the two attorneys was such as to make the failure to produce them as wit-

nesses at the trial a lack of diligence. But since Horner, as the affidavits show, had no knowledge or notice that any admissions had been made by Roe to any of the affiants, it is difficult to see how it can be said that his failure to discover that fact was through lack of reasonable diligence. Why should he be held negligent in failing to inquire, even of his friends, touching a matter the existence of which he had no reason to suspect? To so hold would be little short of making clairvoyance an essential to reasonable diligence. The question of diligence is a question of fact to be determined from all the attendant circumstances. Like other elements involved in the motion for a new trial, when the motion is not based purely upon errors of law, it is addressed to the discretion of the trial court. The exercise of that discretion will not be disturbed except in cases of clear abuse. The affidavits here presented were sufficient to invoke that discretion. In such a case, when the discretion is exercised either one way or the other, this court will not interfere. *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166; *Hall v. Wilson* (Ky.), 116 S. W. 244; 1 Hayne, New Trial & Appeal (Rev. ed.), § 92.

II. Though not expressed in the statute, Rem. Code, § 399, subd. 4, it is a well settled rule that the newly discovered evidence must be "not cumulative merely, unless it be strong enough to render a different result probable." 1 Hayne, New Trial & Appeal (Rev. ed.), p. 412, § 88, and p. 417 *et seq.,* § 90. But was the newly discovered evidence here proffered merely cumulative? We think not. Cumulative evidence is additional evidence of the same kind to the same point. *Kroger v. Ryan,* 83 Ohio St. 299; Black's Law Dictionary, p. 448. At the trial the main issue was as to what were the terms of the contract. Appellants and certain of their relatives, who claimed to have been

present when the contract was made, gave their version of it. Respondents gave a version which was wholly different. The issue thus rested in a direct conflict of evidence. At the trial there was no evidence of any extra judicial admission by either party as to what the contract was. The offered new evidence was of such an admission by one of the parties to the contract against the interest which he asserted thereunder at the trial. It was evidence of an admission to the effect that the contract was just what respondents claimed that it was. This was substantive evidence directed to the same point as that in issue at the trial, but it was not evidence of the same kind as that adduced at the trial. It was evidence of an independent fact not touched by any evidence at the trial, but bearing directly and vitally upon the main issue. Such evidence is not cumulative in the objectionable sense. *Able & Co. v. Frazier,* 43 Iowa 175; *Hall v. Wilson, supra; Kroger v. Ryan, supra; State v. De Marias,* 27 S. D. 303, Ann. Cas. 1913D 154, 156, and note. It was cumulative only in the broad sense that all evidence, however diverse in kind, bearing upon the same side of a given issue is cumulative. But cumulation in this broad sense does not impinge the rule under discussion, else there could never be a new trial for newly discovered evidence. The proffered evidence was, of course, *more* evidence, but it was not more of the same kind.

There are many decisions which hold that newly discovered evidence of contradictory statements of witnesses made before the trial is not ground for a new trial. Obviously such evidence would be merely impeaching in character. But that was not the nature of the evidence here offered. Though it tended to contradict Ed Roe as a witness, that was a mere incident. Its force lay in the fact that it was evidence of an admis-

sion against the interest of the person making it at the time it was made. It would have been competent evidence of the fact admitted even had Roe not been a witness. The distinction is plain. That newly discovered evidence of such admissions bearing upon the main issue, when nothing of the kind was adduced at the trial, is not cumulative but independent evidence is, we think, clear, both on reason and authority.

"It is also shown by the affidavit of David S. Turner, that in the early part of the year 1862, May admitted to him that the property in dispute belonged to Clark, and that one Robert Morrow was his agent and had authority to lease it. These admissions by May were made prior to his conveyance to Gray, and are new and independent facts unknown to defendants at the time of trial. Had these admissions been proven at the trial, the testimony of other witnesses to the same admissions would be merely cumulative. But that only is cumulative which is in addition to or corroborative of what has been given at the trial. To render evidence subject to this objection, it must be cumulative, not with respect to the main issue between the parties, but upon some collateral or subordinate fact bearing upon that issue." *Gray v. Harrison,* 1 Nev. 502.

See, also, *Flannagan v. Newberg,* 1 Idaho 78.

The supreme court of California, under a statute the same as ours, holds that a new trial should not be refused merely because the new evidence is cumulative, in a case "where the cumulation is sufficiently strong to render a different result probable." *O'Rourke v. Vennekohl,* 104 Cal. 254, 37 Pac. 930; *Oberlander v. Fixen & Co.,* 129 Cal. 690, 62 Pac. 254. Such is also the practical effect of at least two decisions of this court. *State v. John Port Townsend,* 7 Wash. 462, 35 Pac. 367; *Brennan v. Seattle,* 39 Wash. 640, 81 Pac. 1092. See, also, 1 Hayne, New Trial & Appeal (Rev. ed.), § 90, pp. 422-425. After all, it must not be forgotten in any case that the motion for a new trial on this ground is ad-

dressed to the discretion of the trial court, and that the discretion is a real one conferred to attain the end of substantial justice. As said in *Oberlander v. Fixen & Co., supra:*

"Whether the evidence is of this character is not a question of law but for the judgment of the trial judge, whose discretion will not be interfered with by this court except in cases of manifest abuse. Hence, where the motion is denied, the fact that the newly discovered evidence is merely cumulative will in general be a sufficient ground for affirmance; but where the motion is granted, the contrary will hold. For, in either case, it is for the trial judge to determine whether the evidence is of character probably to affect the result on a new trial; and unless the evidence be of such a character as to make it manifest and certain to this court that in the one case it would, or in the other that it would not, result differently on a retrial, the order will not be disturbed."

We cannot say that the newly discovered evidence here offered, if believed by the jury, should not, or probably would not, produce a different result. The question whether a different result is probable or ought to follow is, from its nature, one peculiarly addressed to the discretion of the trial court. That discretion was amply invoked by the moving and counter affidavits. No rule is more strongly supported, both in reason and by authority, than that the exercise of that discretion will not be disturbed except in case of manifest abuse. 1 Hayne, New Trial & Appeal (Rev. ed.), § 91, pp. 430, 431. We find no such abuse in this case.

The order for a new trial is affirmed.

MAIN, FULLERTON, PARKER, and WEBSTER, JJ., concur.