[No. 16491. *En Banc.* December 8, 1921.]

L. B. SWAFFORD *et al., Respondents*, v. HARRY LEVIN *et al., Appellants.*[1]

NEW TRIAL (24)—VERDICT AGAINST WEIGHT OF EVIDENCE. Where the verdict of the jury is based upon the unsupported testimony of the prevailing party, which is inconsistent with itself and disproved by physical facts relating to the only issue in the case, there is a failure of proof, warranting the setting aside of the verdict by an appellate court.

Appeal from a judgment of the superior court for King county, Ralston, J., entered April 24, 1920, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages for fraud. Reversed.

*Edgar C. Snyder, Farrell, Kane & Stratton,* and *Guy E. Kelly,* for appellants.

*Flick & Paul,* for respondents.

HOVEY, J.—This is an action by the respondent for the recovery of $5,000, as damages against the appellants, upon the ground that appellants agreed to supply

[1]Reported in 202 Pac. 254.

$100,000 in cash as the capital of a corporation in which respondent was to receive stock of the value of $5,000.

Respondent further plead that appellants were to supply a working capital of $50,000, but his recovery is predicated upon the failure to make the shares received by him worth their par value.

We believe that the undisputed facts are as follows: The respondent was a man experienced in the lumber and shingle business, and the appellants were without any experience but had some money and financial backing, and the three men had a preliminary understanding in pursuance of which the parties proceeded to secure a plant. The parties thereafter arranged with one Bird for a plant and obtained a lease for the same in the name of appellant L. H. Burnett. A corporation was organized under the name of Carnation Lumber & Shingle Company, with a capital stock of $100,000. The lease was assigned by Burnett to the respondent, and was in turn assigned by the respondent to the corporation. Nine hundred and ninety-nine shares of stock in this corporation were subscribed for by the respondent in payment for this lease and some other contracts which respondent had secured, and the remaining share was subscribed for by Carton Burnett, a brother of the appellant L. H. Burnett but not a party to this case. There appears to have been an understanding that $45,000 of this stock should be transferred to the appellant L. H. Burnett, $45,000 to the appellant Harry Levin, $5,000 to Carton Burnett, and $5,000 to the respondent. Respondent was made president and manager of the company and undertook the operation of the mill property which had been leased, and operated. the same for something over a· year, when a part of the plant was destroyed by fire. The company was involved in a good deal of litigation and the plant was never operated thereafter.

It is also undisputed that neither of the appellants ever paid in the full sum of $45,000, but that they did contribute substantial sums of money which were used in the operation of the plant.

The substance of the conflicting testimony was, on behalf of the respondent, that he was beguiled into this transaction by the representations of the appellants that they would contribute the full sums of money necessary to make a $100,000 capitalization and $50,000 as a working fund, and that the enterprise failed through their failure so to do; while the testimony of appellants is to the effect that they were induced to enter the venture by the respondent and that they never agreed to contribute the large sums of money as claimed, but only a moderate amount that might be needed for operating the small plant contemplated.

At the conclusion of the respondent's case, a motion for judgment *non obstante* was made and denied, and this motion was renewed at the close of the case. The jury found a verdict in favor of the respondent in the full amount claimed. Motion for a new trial was made and denied by the trial court.

In passing upon the motion for a new trial, the trial court used language indicating that it was its opinion that a new trial should be granted, but after indulging in some criticism of the supreme court, concluded that, inasmuch as this court would have to pass upon the case, it would not disturb the verdict. If the record correctly states the court's views as to the verdict it should have granted a new trial, as it was its province, and not the province of this court, where it considered the verdict against the weight of the evidence. *Ziomko v. Puget Sound Electric R.*, 112 Wash. 426, 192 Pac. 1009.

As we view the case, the only question to be considered is whether there was evidence offered on behalf of

the respondent justifying the submission of the case to the jury.

Respondent's whole case rests upon his own testimony, with the only corroboration being the testimony of Bird as to some bragging by the appellants as to their wealth and the statement of appellants in which Bird claims they said that they were going to make Swafford's stock worth $5,000. The respondent testified in accordance with the allegations of his complaint, and when it came to the question of his connection with the actual incorporation of the company, he practically denied all connection with it, except admitting his signatures hereinafter referred to and that he had transferred the lease as payment for the stock. He claimed that the appellants were to put in in cash $100,000 for capital and an additional sum of $50,000, and that he was ignorant of the fact that the money had not been paid in at the time of the organization, and yet the first $2,000 that the corporation secured was upon respondent's own note endorsed by the appellant Burnett. The money on this note was obtained on Burnett's bank and was afterwards repaid by Burnett.

There appear in the record the articles of incorporation, the by-laws, the first meeting of the board of trustees, a waiver of notice, oath of trustees and subscription to capital stock, each being subscribed by the respondent. All of these signatures were claimed by respondent to have been made upon blank sheets of paper, and in answer to repeated questions upon this subject, and throughout a lengthy cross-examination, he stated, without any reservation, that nothing whatever was written upon any one of these papers at the time he signed his name, and he had never seen any of the documents in their present form until long after the transaction. We are convinced that this testimony is manifestly false. The documents are all type-

written, of varying length, and every one of the signatures appears in a different position upon the sheet of paper from all of the others and immediately following the typewritten matter, and each signature of the respondent is followed by that of Carton Burnett, who was his fellow incorporator. The articles of incorporation are signed at the extreme top of the third page, the by-laws at the bottom of the fourth page, and the waiver of notice and the oath of trustees are on the same page with the two signatures of both respondent and Carton Burnett, each properly placed, and the subscription to stock immediately follows four lines of printed matter at the top of the page. All of the documents except the articles of incorporation are written on both sides of the sheets of paper. These transactions are so interwoven with all of the business in the organization and capitalizing of this company as to necessarily make them a component part, and where respondent's case rests upon his own unsupported testimony and is conclusively disproved by the physical facts relating to the only issue in the case, his action should fail. In our opinion, this verdict is palpably wrong. The testimony on one side is consistent and in harmony with known facts, and that on the other is inconsistent with itself and with such known facts and is manifestly against the evidence, to the extent that it amounts to a failure of proof. In our opinion, it is our duty not to let it stand. 4 C. J. 856-7.

The judgment appealed from is reversed and the action ordered dismissed.

PARKER, C. J., MITCHELL, MACKINTOSH, FULLERTON, MAIN, HOLCOMB, and BRIDGES, JJ., concur.