[No. 20853. Department Two. December 6, 1927.]

Alfred Merk, *Respondent,* v. Adolph Murtinger, *Appellant.*[1]

[1] Appeal (406)—Review—Discretion—New Trial. The supreme court will not disturb the denial of a new trial for newly discovered evidence which was merely cumulative, where the trial court had heard the evidence and considered the affidavit on the motion.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered February 1, 1926, upon the verdict of a jury rendered in favor of the plaintiff, after denying a motion for a new trial. Affirmed.

*J. W. Brooks,* for appellant.

*Earl W. Benson,* for respondent.

Holcomb, J.—In this action for wages, alleging the reasonable value of services rendered for appellant by respondent to be four dollars per day and amounting to $476, the jury returned a verdict therefor for respondent, on which, after a motion for a new trial had been denied, judgment was entered.

Under the issues formed by the complaint and answer, appellant contended that respondent worked for him by the piece, that is, to be paid so much each for making concrete blocks. While there is a conflict in the evidence, respondent introduced evidence to sustain his allegations and sufficient to sustain the verdict.

At the trial, appellant made a statement that, if plaintiff was entitled to recover at all, he would be entitled to recover four dollars a day as a reasonable wage. The only contention of appellant was that re-

¹Reported in 261 Pac. 642.

spondent was not entitled to recover at all, in that the contract was to pay him so much per piece for making concrete blocks.

[1] The evidence being sufficient, the only other question is whether or not the court should have granted a new trial, upon an affidavit submitted by appellant tending to show that respondent had made an admission to the affiant that he was to be paid by the piece.

Appellant contends that the situation shown upon the motion for a new trial and supporting affidavit is the same as was shown in *Roe v. Snyder,* 100 Wash. 311, 170 Pac. 1027; *Swafford v. Levin,* 117 Wash. 681, 202 Pac. 254; and *Camp v. Ferry County,* 132 Wash. 644, 233 Pac. 13.

In the first case cited, where the trial court had granted a new trial on the ground of newly discovered evidence, there had been no evidence on the part of either party as to what the contract was, and the losing party had no knowledge of any admissions made to the affiants making the affidavits. But even there we said that the question of whether newly discovered evidence would probably effect a different result is a question peculiarly addressed to the discretion of the trial court, which will not be disturbed except for abuse.

In the *Swafford* case, the verdict of the jury was based upon unsupported testimony of the prevailing party, which was inconsistent with itself and disproved by physical facts relating to the only issue in the case constituting a failure of proof, upon which this court set aside the verdict and judgment.

In the *Camp* case, which was a case tried by the court without a jury, there was evidence which negatived the court's findings as to the location of a meander line, which, it seemed, had not been properly considered by the court.

· The newly discovered evidence disclosed by the affidavit was, under such circumstances as appear here, merely cumulative. In any event, it presented a question of fact for the trial court who had heard the testimony at the trial and had considered the affidavit on motion for a new trial. *State v. Moretti,* 66 Wash. 537, 120 Pac. 102.

We find nothing justifying a reversal, and the judgment is affirmed.

MACKINTOSH, C. J., MAIN, ASKREN, and FULLERTON, JJ., concur.