IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80388-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NICHOLAS JASSIM SALIH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Nicholas Salih challenges his conviction for criminal impersonation as lacking substantial evidence. Because the record shows no evidence Salih acted in his assumed identity, we accept the State's concession that the conviction must be reversed.

Salih also challenges his conviction for possession of a controlled substance with intent to manufacture or deliver, arguing the court erred by refusing to let his defense investigator testify as an impeachment witness. Because the defense investigator would have presented only cumulative evidence, the court did not abuse its discretion.

Salih also contends that the community custody fee provision should be stricken. Because community custody fees are discretionary, remand is appropriate for the trial court to reconsider the fee provision.

While this appeal was pending, Salih filed a motion requesting this court to remand for resentencing in light of our Supreme Court's recent decision in State v. Blake.[1] The State concedes this matter should be remanded for resentencing. We agree. Therefore, we reverse the conviction for first degree criminal impersonation, affirm the conviction for possession of a controlled substance with intent to manufacture or deliver, and remand for resentencing and further proceedings consistent with this opinion.

FACTS

One evening, Callie Sheriff and Nicholas Salih drove to the parking lot of the Fred Meyer at Alderwood. Veronica Johannes, Fred Meyer's loss prevention manager, was monitoring the store's surveillance cameras when she noticed "suspicious activity" in the vehicle.[2] Johannes saw "a zippered pouch that was being dug into[,] some fire in the car[,] and tubes that were being inhaled."[3] She also watched Salih contact two other vehicles in the parking lot. Johannes called the police.

Snohomish County Deputy Sheriff William Binkley responded to the incident. Salih told Officer Binkley that his name was "Sean M. Reeves" but admitted his real name soon after. Salih and Sheriff were arrested for outstanding

---

[1] State v. Blake, No. 96873-0, slip op. at 29-30 (Wash. Feb. 25, 2021), http://www.courts.wa.gov/opinions/pdf/968730.pdf.

[2] Report of Proceedings (RP) (July 30, 2019) at 250.

[3] Id.

warrants. Deputy Binkley searched Salih incident to arrest and found $6,400 in cash.

Upon searching the vehicle, Deputy Binkley found two plastic bags with heroin, one plastic bag with unidentified pills, and other drug paraphernalia. Salih was charged with first degree criminal impersonation and possession of a controlled substance with intent to manufacture or deliver.

At trial, the defense counsel sought to call the defense's investigator, Todd Reeves, to testify, despite not disclosing him as a witness before trial. Defense counsel sought to rebut testimony from Johannes about the quality of the video surveillance with an inconsistent statement she made to Reeves. The court prohibited defense counsel from calling Reeves because on cross-examination, Johannes admitted her statements were inconsistent by acknowledging she misunderstood the investigator's question. The court explained that there was "really nothing to rebut."[4]

The jury found Salih guilty. Salih's judgment and sentence contained a community custody fee provision. Salih appeals.

ANALYSIS

## I. Criminal Impersonation

To convict a defendant of first degree criminal impersonation, the State must prove the defendant acted in his assumed identity.[5] Salih argues that there

---

[4] RP (July 31, 2019) at 355.
[5] RCW 9A.60.040(1)(a).

was insufficient evidence to support his conviction for first degree criminal impersonation. Because there was insufficient evidence of the essential element that Salih acted in his assumed identity, we accept the State's concession that Salih's conviction for first degree criminal impersonation should be reversed.[6]

## II. Impeachment Evidence

As to the possession with intent to deliver charge, Salih contends that the trial court erred by prohibiting defense counsel from impeaching Johannes with Reeves' testimony.

We review a trial court's evidentiary rulings for abuse of discretion.[7] A trial court abuses its discretion when its decision is based upon untenable grounds or reasons.[8] "Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require."[9] Relevant evidence can be excluded if its probative value is substantially outweighed by the "needless presentation of cumulative evidence."[10] "'Cumulative evidence is additional

---

[6] Id.; Resp't's Br. at 6-8. In the alternative, Salih argues that the to-convict jury instruction on his charge of first degree criminal impersonation was insufficient and, as a result, his conviction should be reversed. Because we accept the State's concession that Salih's criminal impersonation charge should be reversed for insufficient evidence, we need not address this argument.

[7] State v. Scherf, 192 Wn.2d 350, 387, 429 P.3d 776 (2018).

[8] Id.

[9] ER 613(b).

[10] ER 403.

4

evidence of the same kind to the same point.'"[11]  "Where a witness admits to the statement at issue, a trial court may reasonably determine that permitting extrinsic evidence" would be cumulative.[12]

Johannes testified on direct examination that the surveillance video was "much clearer" when she watched it live than when the recording was shown at trial.[13]  Johannes previously told the defense investigator that the quality of the video surveillance was "actually really good."[14]  Salih wanted to call Reeves to impeach Johannes with her inconsistent statement.  But, on cross examination, when asked whether she told the investigator the surveillance was "actually really good," Johannes admitted her statements were inconsistent.[15]  Johannes testified, "I know that watching it live is much better than a recording.  I suppose it would [refresh my recollection to view a transcript of my response to that question], but I think I misunderstood the [investigator's] question."[16]

The court relied upon this admission and noted, "In her testimony yesterday, [Johannes] said . . . 'I misunderstood the question.'"[17]  The court

---

[11] State v. Williams, 96 Wn.2d 215, 223-24, 634 P.2d 868 (1981) (quoting Roy v. Snyder, 100 Wash. 311, 314, 170 P. 1027 (1918)).

[12] State v. Dixon, 159 Wn.2d 65, 76, 147 P.3d 991 (2006).

[13] RP (July 30, 2019) at 268-86.

[14] Id. at 302-03; RP (July 31, 2019) at 353.

[15] RP (July 30, 2019) at 302-03; RP (July 21, 2019) at 353.

[16] RP (July 30, 2019) at 303.

[17] RP (July 31, 2019) at 355-56.

recognized there is "really nothing to rebut."[18] Because Johannes essentially admitted to making the inconsistent statement by acknowledging she misunderstood the question, the trial court did not abuse its discretion by concluding that Reeves' testimony would be cumulative.[19]

In the alternative, Salih argues that his counsel was ineffective for failing to disclose Reeves as a witness before trial.

We review a claim of ineffective assistance of counsel de novo.[20] To succeed on a claim of ineffective assistance of counsel, a defendant must prove that his counsel's performance was deficient and prejudiced his case.[21] If defense counsel's decisions "can be characterized as legitimate trial strategy or tactics, performance is not deficient."[22] Prejudice requires a showing of a reasonable probability that the outcome would have been different but for the deficient performance.[23]

Salih fails to establish deficient performance. Defense counsel intended to call Reeves as a rebuttal witness, and rebuttal witnesses need not be disclosed

---

[18] Id. at 355.

[19] Salih also argues that the exclusion of Reeves' testimony was "a harsh penalty" and "could be exacted only after the trial court expressly considered the three factors" under Burnet v. Spokane Ambulance, 131 Wn.2d 484, 933 P.2d 1036 (1997). Appellant's Br. at 27-29. But the record does not establish that the trial court excluded Reeves' testimony as a penalty. RP (July 31, 2019) at 353-56. Therefore, Salih provides no authority that Burnet is applicable.

[20] State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

[21] State v. Thomas, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987).

[22] State v. Kyllo, 166 Wn.2d 856, 863, 215 P.3d 177 (2009).

[23] Id. at 862.

before trial.[24]  And even if defense counsel's performance was deficient, Salih fails to establish prejudice.  If defense counsel had disclosed Reeves as a witness before trial, his testimony would still be cumulative evidence.  Because there is no reasonable probability that the outcome of Salih's case would have been different if defense counsel had disclosed Reeves as a witness before trial, Salih's claim for ineffective assistance of counsel fails.

III.  Supervision Fees

Salih contends that remand is necessary to strike the requirement that he pay the costs of community custody.  Specifically, he contends that he was found indigent at the time of sentencing and the court waived all discretionary legal financial obligations, but as a condition of community custody, the court ordered him to "pay supervision fees as determined by the [Department of Corrections]."[25]  Because supervision fees are discretionary,[26] remand is appropriate for the trial court to reconsider the community custody fee provision.

While Salih's appeal was pending before this court, our Supreme Court declared Washington's strict liability drug possession statute, RCW 69.50.4013, void for violating the due process clauses of our state and federal constitutions.[27]

---

[24] State v. Finnegan, 6 Wn. App. 612, 625, 495 P.2d 674 (1972).

[25] Clerk's Papers at 31.

[26] State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199, review denied, 195 Wn.2d 1022 (2020).

[27] Blake, slip. op. at 29-30.

Following the decision in <u>State v. Blake</u>,[28] Salih filed a motion in lieu of a supplemental brief, requesting that we remand for resentencing in view of a prior conviction for simple possession that impacts his offender score. The State filed a response conceding that this court should remand for resentencing. We accept the State's concession.

Therefore, we affirm in part, reverse in part, and remand for resentencing consistent with <u>Blake</u> and further proceedings consistent with this opinion.

_____

WE CONCUR:

_____          _____
Mann, C.J.                        Appelwick, J.

---

[28] No. 96873-0, slip op. at 29-30.