Edwin B. Spooner, Appellant, *v.* The Brooklyn City Railroad Company, Respondent.

A passenger upon a vehicle running upon a highway for the carriage of passengers, has a right to assume that those parts of the vehicle prepared for the use of passengers, and destined to receive them while in transit, are suitable and safe for the purpose, and that the care of the drivers will avoid any special risks which attach to the particular position.

Plaintiff was passenger upon a stage sleigh run by defendant. The sleigh was provided with wide foot-boards or guards on the sides, upon which passengers usually rode when the seats were occupied. Hand-rails were placed on the ends of the seats, so that those standing on the foot-boards could hold on thereby. Passengers were received to ride thus, and their fares collected without objection. Plaintiff was thus received as a passenger, no seat being accessible to him, and while riding on the foot-board on the left side of the sleigh he was injured by a collision with another sleigh. In an action to recover damages, *held*, that his riding in such a manner was not negligence *per se*, but that the question of contributory negligence was one of fact for a jury.

Also *held*, that the negligence of the driver of the other sleigh could not excuse negligence of the defendant's driver, or relieve it from liability.

(Argued March 18th, 1873; decided June term, 1873.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial district, affirming a judgment in favor of defendant, entered upon an order nonsuiting plaintiff at circuit.

This action was brought to recover damages for injuries received by plaintiff while a passenger upon defendant's stage.

Plaintiff was a passenger upon a stage sleigh in temporary use by the defendants, in consequence of a heavy snow which blocked its track, so that cars could not run. He was riding upon a fender or guard upon the left-hand side of the sleigh, standing thereon and supporting himself by holding on to a rail running along upon the sides of the seats. The sleigh was full inside, so that plaintiff could not get a seat. The sleigh collided with a coal sleigh, and plaintiff was seriously injured. The circumstances of the collision and further facts, are set forth in the opinion. At the close of the evidence defendant moved for a nonsuit upon the ground that no negligence had been shown on the part of defendant, and that negligence of the plaintiff contributed to the injury. This motion was granted and plaintiff excepted.

*Joshua M. Van Cott* for the appellant. As defendant carried passengers on the outside of the sleigh, it was its duty to make it road-worthy and safe. (*Alden* v. *Cent. R. R. Co.*, 26 N. Y., 102.) Defendant cannot say that plaintiff's riding outside was such negligence, *per se*, as to exonerate it from liability. (*Willis* v. *L. I. R. R. Co.*, 34 N. Y., 670; *Ferris* v. *Union F. Co.*, 36 id., 312; *McIntyre* v. *N. Y. C. R. R. Co.*, 37 id., 287; *Halbert* v. *N. Y. C. R. R. Co.*, 40 id., 146.) It cannot escape from liability if the injury was occasioned by the negligence of its driver. (*Haley* v. *Earle*, 30 N. Y., 208.) It was error for the court to refuse to submit to the jury the question whether the injury was by the negligence of defendant's driver. (*Hegan* v. *Eighth Ave. R. R. Co.*, 15 N. Y., 380, 383.)

*Geo. G. Reynolds* for the respondent. Plaintiff must show affirmatively that he was not guilty of any negligence contributing to the injury. (*Deyo* v. *N. Y. C. R. R. Co.*, 34 N. Y., 9; *Grippen* v. *N. Y. C. R. R. Co.*, 40 id., 34, 49, 51.) A carrier of passengers is not an insurer against the negligence and imprudence of the passengers. (*Bowen* v. *N. Y. C. R. R. Co.*, 18 N. Y., 408; *McPadden* v. *N. Y. C. R. R. Co.*, 44

id., 478 ; *Hickey* v. *B. & L. R. R. Co.,* 14 Al., 429, 432 ; *Treagear* v. *Dry Dock, etc., Co.,* N. Y. Com. Pls. ; *Spooner* v. *Brooklyn City R. R. Co.,* 31 Barb., 427.) Upon an uncontroverted state of facts the negligence is always a question of law. (*Gonzales* v. *N. Y. & H. R. R. Co.,* 38 N. Y., 440 ; *Harper* v. *Erie R. R. Co.,* 3 Broom [32 N. J.], 98 ; *Pitts., etc., R. R. Co.* v. *McClurg,* 56 Penn., 294 ; *Garett* v. *Man., etc., R. R. Co.,* 16 Gray, 501 ; *Cotton* v. *Wood,* 8 C. B. [N. S.], 572 ; S. C., 98 E. C. L., 566 ; *Solomon* v. *Cen. Park., etc., R. R. Co.,* 1 Sweeny, 298 ; *Wilcox* v. *R. & W. R. R. Co.,* 39 N. H., 366.) The nonsuit in this case was proper. (*Johnson* v. *H. R. R. R. Co.,* 20 N. Y., 73 ; *Wild's Case,* 24 id., 430 ; S. C., 29 id., 315 ; *Sheldon* v. *Hudson R. R. R. Co.,* 29 Barb., 229 ; *Ernst* v. *Hudson R. R. R. Co.,* 39 N. Y., 61 ; S. C., 24 How. Pr., 97 ; *Suydam* v. *Grand St. R. R. Co.,* 41 Barb., 380 ; *Grippen* v. *N. Y. C. R. R. Co.,* 40 N. Y., 52 ; *Warner* v. *N. Y. C. R. R. Co.,* 44 id., 465 ; 35 id., 37.)

JOHNSON, C.   A nonsuit was moved for and granted in this case, on the grounds that the plaintiff's negligence contributed to the injury he sustained, and that no negligence on the part of the defendant was shown. The law is indisputable that if either of the grounds of the motion existed in the case, the decision was correct. In my opinion neither of the grounds of the motion appeared upon the proofs, and certainly not with that plainness which authorizes the withdrawal of the questions from the consideration of the jury. I agree entirely with the doctrine stated in the respondent's points and sustained now by very numerous decisions, that it is the duty of the court to nonsuit where there is an absence of proof showing negligence in the defendant, or where the negligence of the plaintiff is manifest ; neither of these propositions can be affirmed in this case.

Was the proof absolute showing negligence in the defendant ? The defendant's sleigh was being driven down Fulton street, in Brooklyn. There had been a storm

and there were banks of snow on each side of the street, a
coal sleigh was coming up the street quite rapidly, and could
be seen at a distance, a passenger on the stage sleigh called
its driver's attention to it, and to the chance of a collision.
The stage sleigh was in the middle or on the left side of the
street, and the coal sleigh was approaching on that which was
its own side of the street.   There was plenty of room to the
right for the stage sleigh driver to have turned out in.   Just
as the collision took place the stage sleigh was turning from
the left to the right, and the coal sleigh was turning in toward
the sidewalk.   The horses of the stage sleigh were going as
slow as they could possibly walk, and the coal sleigh at an
easy trot.   The sleigh was slipping, and as the coal sleigh was
being drawn up the ridge on its right, in the act of passing
the other, it slid and collided with the other crushing the leg
of, and otherwise injuring the plaintiff.   This relation of the
occurrence, almost in the language of the witnesses, seems to
me to show negligence on the part of the defendant.   If the
driver had turned at once to his own side of the street, or had
hastened the movement of his horses, he could readily have
avoided the collision.   The movement out of the center of
the street was necessary for each sleigh; the probability of
slipping in executing it was obvious.   He saw the more rapid
approach of the coal sleigh, and should have earlier begun to
avoid the obvious danger of collision, or should have moved
faster in turning.    At the least it is not as matter of law
upon such facts that the defendant can be declared free from
negligence, and the ruling of the court has deprived us of the
light which might have been afforded by the finding of the
jury.

Notwithstanding this conclusion the question remains
in respect to the plaintiff's negligence.   The sleigh was fur-
nished with wide and flat board guards, foot-boards or fenders,
as they are called in the testimony upon which persons usually
rode when the seats were occupied.   That they were intended
for this purpose is fairly to be inferred, as well from the
fact that a hand-rail was placed conveniently on each side, by

which a person standing on the fender could hold and steady himself in riding, obviously constructed for that purpose, as also from the practice of receiving passengers to ride there, and taking their fares without objection. I do not think the defendant should be heard to say, under such circumstances, that it is negligence *per se*, for a passenger to ride in such a situation when no other place was accessible to him, and when he was received as a passenger by the driver, the defendant's agent. Nor is it any answer to say, that an obvious risk attends riding on the outside which does not belong to a seat inside, nor to riding on the left side more than on the right. A passenger upon such a vehicle has a right to assume that the parts of the vehicle prepared for the use of passengers and destined to receive them while in transit, are suitable and safe for the purpose; and that the care of the drivers will avoid any special risks which attach to the particular position. Especially is such a rule to be applied when it appears that the actual injury would not have resulted without the negligence of the driver, for although the driver of the coal sleigh was also negligent, that does not excuse the negligence of the defendant's driver, nor relieve it from responsibility.

In the discussion of this evidence I have dealt with it as I think a jury might warrantably have done if the case had been submitted to them, as I think the law required.

The judgment should be reversed and new trial ordered.

All concur; LOTT, Ch. C., not sitting.

Judgment reversed.