[No. 4253. Decided September 6, 1902.]

EDWIN ESKILDSEN, *Respondent,* v. CITY OF SEATTLE, *Appellant.*

NEGLIGENCE—INJURY TO CHILD—ACT OF PARENT NOT IMPUTED TO CHILD.

The negligence of the parent cannot be imputed to the child in an action brought for the benefit of the child and not for the benefit of the parent.

SAME—PROXIMATE CAUSE.

Where, owing to the defective construction of a highway maintained by a city, and upon which a railroad was operated, an opening was permitted between the rails and the planking, in which a boy's foot caught, on his stepping in between standing cars, and could not be extricated in time to avoid his being run over by the moving of the cars by an engine, the city is liable under the rule that the intervention of a third person, or of other and new direct causes, does not preclude a recovery, if the injury was the natural or probable result of the original wrong, even if the boy had been directed by his father to get into the place where he was injured, and even if the railway company had been negligent in moving its train without proper warning.

Appeal from Superior Court, King County.—Hon. GEORGE MEADE EMORY, Judge. Affirmed.

*Mitchell Gilliam, William Parmerlee (W. E. Humphrey,* of counsel), for appellant.

*E. P. Edsen, John E. Humphries* and *Harrison Bost-wick,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by Edwin Eskildsen, by his guardian *ad litem,* George A. Eskildsen, to recover for personal injuries, alleged to be due to the negligence of the city. The plaintiff at the time of the injury was four years and three months of age. He and his father were walking along Railroad avenue, in the city of Seattle, near the Northern Pacific Depot. The child desired to urinate, and was instructed by his father to go between the cars, where he did go, and where his foot got fastened between the planking and the rail of the car track. The father was unable to extricate the child from this position, and, an engine at that time pushing one of its cars towards the child, the father pulled the child out over the rail, the cars passing over the child's leg, cutting it off above the ankle. Upon trial, judgment was rendered in favor of the plaintiff in the sum of $11,000, from which judgment this appeal is taken.

The assignments of error are: (1) The court erred in not granting defendant's motion for nonsuit. (2) In refusing to give instruction No. 1 requested by defendant. (3) In refusing to give instruction No. 6, requested by the defendant. (4) In giving instruction No. 5. (5) In giving instruction No. 15. It is insisted of the first assignment that the nonsuit should have been granted,— first, because the city had no notice of the defective condition of the street; and, second, even if the city was negligent, its negligence was not the proximate cause of the injury. A perusal of the record convinces us that there was sufficient testimony for the consideration of the jury on the question of notice. It is contended that the father

was the active agency in producing the injury of his child, but, outside of the great weight of authority which sustains the rule that the negligence of the parent cannot be imputed to a child, it was held by this court in *Roth v. Union Depot Co.,* 13 Wash. 525 (43 Pac. 641, 31 L. R. A. 855), that "The negligence of the parent cannot be imputed to the child in an action brought for the benefit of the child and not for the benefit of the parent." And it is almost universally held that a child under five years of age cannot be guilty of contributory negligence in any event. But it is contended that, even if the negligence of the father cannot be imputed to the child, his negligence, and not that of the city, caused the child's injury, and that, assuming the father was not negligent, and that the city was negligent, yet the city would not be liable, because its negligence would not have caused the child any injury if it had not been for the intervening act of the railway company, it not being claimed that the hole in the street in itself injured the child, and that it appeared that he would have escaped injury but for the act of the railway company in passing its cars over him. We think that the great weight of authority on the subject of proximate cause is against the theory contended for by the appellant. The injury received was a reasonable and probable result of the negligence of the defendant, and it was held in *Binford v. Johnston,* 42 Am. Rep. 508, an Indiana case, that the fact that some agency intervenes between the original wrong and the injury does not necessarily bring the case within the rule, or within the maxim *"causa proxima, et non remota, spectatur."* "On the contrary," said the court, "it is firmly settled that the intervention of a third person, or of other and new direct causes, does not preclude a recovery, if the injury was the natural or probable result of the original wrong;" citing

*Billman v. Indianapolis, etc., R. R. Co.,* 76 Ind. 166 (40 Am. Rep. 230); *Scott v. Shepherd,* 2 W. Bl. 892, commonly known as the "Squib Case." "The rule goes so far," says the court, "as to hold that the original wrong-doer is responsible, even though the agency of a second wrong-doer intervened;" citing *Clark v. Chambers,* 7 Cent. L. J. 11; Cooley, Torts, 70; Addison, Torts, § 12. In that case two boys purchased of a dealer cartridges for use in a toy pistol. Another boy six years old picked up a toy pistol containing one of the catridges and discharged it, killing one of the boys who bought the cartridges. It was held that the dealer was liable for the death of the boy killed. It is true that it is against the statute to sell pistol cartridges to minors in that state, but the decision is bottomed on the legal doctrine announced. In *Joliet v. Shufeldt,* 114 Ill. 403 (32 N. E. 969, 18 L. R. A. 750, 36 Am. St. Rep. 453), it was held that a city which has negligently constructed a street is liable for damages received by a person who, without negligence on his part, is thrown from a buggy on account of such defective construction, even though such accident would not have happened had not the harness broken, and the horse run away. The principle involved there is identical with the case in point, because the accident here probably would not have happened had it not been for the intervening cause, namely, the approach of the car. In that case it was said:

"The general doctrine is that it is no defense in actions for injuries resulting from negligence, that the negligence of third persons, or an inevitable accident, or that an inanimate thing, contributed to cause the injury of the plaintiff, if the negligence of the defendant was an efficient cause, without which the injury would not have occurred."

Certainly, in this case the hole in the walk was the efficient cause, without which this child would not have been run over by the car, as shown by the testimony in the case. In support of this doctrine the court cited: *Wabash, St. L. & P. Ry. Co. v. Shacklet,* 105 Ill. 364 (44 Am. Rep. 791); *Transit Co. v. Shacklet,* 119 Ill. 232 (10 N. E. 896); *Consolidated Ice Machine Co. v. Keifer,* 134 Ill. 481 (25 N. E. 799, 10 L. R. A. 696, 23 Am. St. Rep. 688); *Peoria v. Simpson,* 110 Ill. 301 (51 Am. Rep. 683); 16 Am. & Eng. Enc. Law, 440-443, and notes; 2 Thompson, Negligence, 1085. In *Joliet v. Verley,* 35 Ill. 58 (85 Am. Dec. 342), it was held that if a plaintiff, while observing due care for his personal safety, was injured by the combined result of an accident and the negligence of a city or village, and without such negligence the injury would not have occurred, the city or village will be held liable, although the accident be the primary cause of the injury, if the consequences could, with common prudence and sagacity, have been foreseen and provided against. In that case it was stated: "If the accident would not have caused the injury but for the defect in the street, and that defect is the result of carelessness on the part of the city, and the plaintiff has used ordinary care, the city must be held liable;" citing many cases, both English and American, to sustain that announcement. In *Baldwin v. Greenwoods Turnpike Co.,* 40 Conn. 238 (16 Am. Rep. 33), it is said:

"If the plaintiff is in the exercise of ordinary care and prudence, and the injury is attributable to the negligence of the defendants, combined with some accidental cause, to which the plaintiff has not negligently contributed, the defendants are liable."

In *North Chicago St. R. R. Co. v. Dudgeon,* 184 Ill. 477 (56 N. E. 796), it was held that negligence in plac-

ing stones close to the track of a street railway company, where it had piled them in making repairs, and against which a conductor struck, when thrown by the sudden starting of the car which he was attempting to board, and by which he was rolled under the car, is a concurrent cause of the injury, for which the company is liable; it being claimed in that case that the obstructions to the street were not, and could not have been, the proximate cause of the injury, and that the only efficient cause was the starting of the car, for which it is not answerable. In that case the court cited *St. Louis Bridge Co. v. Miller,* 138 Ill. 465 (28 N. E. 1091), where, by reason of the want of the railing, some mules got onto the footpath, on which plaintiff was walking, and injured her; and the court said:

"In legal contemplation, the case is one where the injury was inflicted by the co-operating negligence of the bridge company and the persons in charge of the mules, and the rule is well settled 'that a person contributing to a tort, whether his fellow-contributors are men, natural or other forces or things, is responsible for the whole, the same as though he had done all without help;" citing many cases in support of the doctrine.

In the case of *Terre Haute & Indianapolis R. R. Co. v. Buck,* 96 Ind. 346 (49 Am. Rep. 168), it was held:

"Where an injury to a passenger, caused by the negligence of the carrier, is such as to render the system of the injured man liable to take on disease and to so enfeeble the system as to make it less likely to resist the inroads of the disease when it does set in, and death results, the death is, in legal contemplation, attributable to the negligence of the carrier."

In *Byrne v. Wilson,* 15 Irish C. L. 332, a stagecoach in which the plaintiff's intestate was a passenger was thrown into a canal by the negligence of the driver, and the lockkeeper turned on the water, thereby causing the

death, by drowning, of the passenger, and it was held that the proprietor of the coach was liable; the court saying:

"The precipitation of the omnibus into the lock was certainly one cause, and (as it may be said) the primary cause of her death, inasmuch as she would not have been drowned but for such precipitation. It is true that the subsequent letting of the water into the lock was the other and more proximate cause of her death, and that she would not have lost her life but for such subsequent act, which was not the *necessary* consequence of the previous precipitation, by the negligence of defendant's servants. But, in my opinion, defendant is not relieved from the liability for his primary neglect, by showing that but for such subsequent act the death would not have ensued."

The chief justice, in his opinion, said:

"The law is clear that every party is liable, not only for the immediate consequences of his negligence, but also for the resulting consequences of his acts, whether those acts are acts of violence, or of negligence in breach of a duty which imposed the necessity of care and caution upon him."

In *Eaton v. Boston & Lowell R. R. Co.*, 11 Allen, 500 (87 Am. Dec. 730), it was said by the court that it is no answer to an action by a passenger against a carrier that the negligence or trespass of a third party contributed to the injury. See *Spooner v. Brooklyn City R. R. Co.*, 54 N. Y. 230 (13 Am. Rep. 570). A case exactly in point with the case at bar is *Kansas City v Orr*, 62 Kan. 61 (61 Pac. 397, 50 L. R. A. 783), where a switchman got his foot fastened between the planks and the rails of the track, and was killed by a car passing over him. It was held that, the fact that it may have been the duty of the railway company, under its contract with the city, to construct and keep its tracks in a suitable and safe condition for those who have occasion to pass over the streets, does

not discharge the city from its duty to the public to keep its streets in a reasonably safe condition, nor relieve it from the liability for the consequences of its negligence in that respect; citing many cases to sustain the doctrine. But, outside of the overwhelming weight of authority on this proposition, this court settled the questions involved in this cause in opposition to appellant's contention in *White v. Ballard,* 19 Wash. 284 (53 Pac. 159); *Howe v. West Seattle Land & Imp. Co.,* 21 Wash. 595 (59 Pac. 495), and *Gray v. Washington Water Power Co.,* 27 Wash. 713 (68 Pac. 360),—where the question of the approximate cause is discussed at length, and where it was held that where a buggy attached to a runaway horse is overturned by street car tracks negligently allowed to remain above the street level, the runaway cannot be said, as a matter of law, in an action against the car company, to be the proximate cause of an injury received by an occupant of the buggy. Upon the question of the duty of the city to keep its streets in reasonably safe condition for the use of pedestrians, see *Mischke v. Seattle,* 26 Wash. 616 (67 Pac. 357), and cases cited. The instruction complained of and the instruction asked for involve the point which we have just discussed, and there is no error committed by the court in giving or refusing to give the instruction, when the whole instruction asked for and given is taken into consideration.

The judgment is affirmed.

REAVIS, C. J., and HADLEY, FULLERTON, ANDERS, MOUNT and WHITE, JJ., concur.