[No. 6950.  Decided November 14, 1907.]

THE CITY OF SEATTLE, *Respondent*, v. NORTHERN PACIFIC
RAILWAY COMPANY *et al.*, *Appellants*.[1]

LIMITATION OF ACTIONS—CONTRACT OR TORT—INDEMNITY—LIABIL-
ITY OVER UNDER FRANCHISES.  Where street railway franchises con-
tained conditions whereby the company agreed to keep certain por-
tions of streets in repair, and to save the city harmless from the
payment of damages growing out of or in any way connected with
the franchises, an action by the city to recover over the amount of
a judgment for damages caused by defects in the streets is not based
upon the common law liability making the city and the company
joint tort feasors; and such action, therefore, will not be barred by
the statute of limitations in two years, but the six-year or three-
year limitation for actions on contract applies.

SAME—ACTUAL RIGHT OF ACTION—INDEMNITY—JUDGMENT—EFFECT
OF APPEAL.  Where a city is indemnified by provisions of a franchise
from damages for defects in certain portions of the street, the stat-
ute of limitations does not begin to run upon recovery of a judg-
ment for damages against the city, where the cause was appealed,
but only from the date of the affirmance of the judgment in the
supreme court, or perhaps from the date of its payment by the city.

JUDGMENT—RES JUDICATA—PERSONS AND MATTERS CONCLUDED—
INDEMNITY.  A street railway company, which had agreed to keep a
portion of a street in repair and save the city harmless from dam-
ages by reason of defects, is not bound by a judgment against the
city by reason of actual knowledge of the suit, where it received
no notice or opportunity to defend; and in an action to recover over
from the company the amount of the judgment it is error to exclude
evidence on the part of the defendant that the defect was not in a
public street.

SAME—DUTY TO APPEAR AND DEFEND—PLEADING—JUDGMENT—BAR
—ESTOPPEL—ACTION OVER—DEFENSES.  Where a street railway com-
pany, liable over to a city for damages sustained by reason of
defects in portions of a street was given notice to appear and defend
the action, and refused to do so, but gave notice to the city of a
judgment of dismissal rendered in its favor in an action brought
against it by the same plaintiff for the same injuries, and requested
the city to plead the judgment in bar, and offered to produce evi-

[1]Reported in 92 Pac. 411.

dence to sustain the plea, it is the duty of the city to make such plea, and its failure to do so is a valid defense to any action to recover over from the company.

Fullerton, J., dissenting.

Appeal from a judgment of the superior court for King county, Tallman, J., entered February 9, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action upon a contract of indemnity.   Reversed.

*Carroll B. Graves*, for appellant Northern Pacific Railway Company.

*Samuel H. Piles, James B. Howe*, and *Charles H. Farrell*, for appellant Columbia & Puget Sound Railroad Company.

*Scott Calhoun* and *Elmer E. Todd*, for respondent.

Root, J.—This is an action by the respondent against appellants for an alleged breach of conditions contained in certain franchise ordinances, wherein appellants agreed to keep certain portions of Railroad avenue in the city of Seattle planked and in repair, and to save the city harmless from the payment of any and all damages growing out of, or in any way connected with, the rights, privileges, or franchises granted by said ordinances.   The facts out of which the litigation arose are about these:   In September, 1900, one Edwin Eskildsen, a boy four years of age, while walking along Railroad avenue, caught his foot in a small hole in the planking near one of the Northern Pacific Railway Company's tracks, and his leg was run over and cut off by a passing train.   Through his guardian he instituted an action in the circuit court of the United States for the district of Washington, against the Northern Pacific Railway Company to recover damages for the injury mentioned.   The cause came on for trial before the court and a jury, and a verdict was returned in favor of the defendant, and on March 4, 1901,

a judgment was entered upon such verdict. No appeal was prosecuted therefrom, and the judgment became final.

Thereafter in March, 1901, said minor, through the same guardian, began an action in the superior court of King county, Washington, against the city of Seattle, to recover damages arising from the identical accident and injury charged in the other action, and alleging the said injury to have occurred in a public street through the negligence of said city. A verdict was returned against the city, and thereupon judgment was entered in favor of said minor, on September 28, 1901. From this judgment an appeal was taken to the supreme court of the state, which on October 13, 1902, affirmed said judgment. *Eskildsen v. Seattle*, 29 Wash. 583, 70 Pac. 64.

The present action was commenced on October 10, 1905. The appellant the Northern Pacific Railway Company made an answer denying that the accident to Eskildsen occurred in a public street, but alleged that it occurred upon the grounds owned and occupied by the railway company. It also pleaded the statute of limitations and that, if liable at all for the accident, it was as a joint tort feasor with the city, and consequently not liable over to it. It further sets forth, as an affirmative defense, the suit against it and the judgment in its favor in the United States circuit court; that when it was called upon by the city to defend the action of Eskildsen against the city, it declined to do so, but informed the city of the action by Eskildsen against it in the Federal court, and asked the city to plead and interpose the same as a defense, and offered to furnish the evidence to establish such defense. To this last-mentioned affirmative defense, the city interposed a demurrer which was by by the trial court sustained, and this action is assigned as error.

The appellant the Columbia & Puget Sound Railroad Company answered the complaint of respondent, denying most of the material allegations, and denying that it was called upon

at the time of the former trial to defend the action of Eskild-
sen against the city, although admitting that it had knowl-
edge of the pendency of said action. It also pleaded the
statute of limitations. Upon the trial of the case, the court
refused to permit appellants to introduce any evidence to
show that the accident did not occur in a public street, and
this is assigned as error. The cause was tried before a judge
without a jury, findings and conclusions made and filed in
favor of respondent, and a judgment entered thereupon for
the full amount of the judgment of Eskildsen against the
city, together with costs and interest.

As to the statute of limitations, respondent contends that
the obligation arose from a written instrument, and that the
action could be brought at any time within six years from
the time it accrued. Appellants claim that the action is
founded, not upon a direct liability of appellants, but upon
an instrument creating only a collateral security in favor of
the city; that it was in effect upon a contract express or im-
plied, and not in writing nor arising out of any written in-
strument; and it is contended that the action accrued when
the judgment of Eskildsen against the city was entered on
September 28, 1901, instead of October 13, 1902, when the
judgment was affirmed by the supreme court. It also sug-
gested that the ordinance does not have reference to personal
injuries occasioned by defective planking, and that the only
liability is the common law obligation to answer over, and that
this would fall within the two-year limitation of the statute.
We do not think this latter contention can be upheld. Doubt-
less the three or the six-year limitation applies, and assuming
but not deciding that it be the three-year limitation, we think
the action was brought in time, for the reason that the period
should be measured from the date of the affirmance of the
judgment by the supreme court, or perhaps from the date of
payment of the judgment by the city, rather than from the
time of the original entry of judgment in the superior court.

Both of the appellants urge that they should have been permitted to show that this accident did not occur in a public street, but on the property of the Northern Pacific Railway Company. It seems to us that this contention must be sustained. The ordinances in question imposed the obligation upon the railway companies of holding the city harmless on account of anything that might happen in the streets of the city by reason of their occupation and use by such railway companies. It would seem to be clear that the city could not be responsible for such an injury as this boy sustained, if the happening thereof occurred not upon the street but upon the private lands of the railway company. It is urged, however, that the Eskildsen judgment against the city is conclusive against these appellants upon this question, and that they cannot be heard to say that the accident did not occur in a public street. We think this position is not tenable. The Columbia & Puget Sound Railroad is not by the trial court found to have received notice or opportunity to defend in that action, although it is found that it knew about the pendency of the action. There may be certain classes of actions wherein actual notice may bind a party holden to answer over. But we do not think that rule is applicable to a case of this kind. In order for this railway company to have been bound by the judgment in the *Eskildsen* case against the city, it should have been asked and afforded an opportunity to defend the action. Such not having been done, the judgment was not conclusive against it.

The Northern Pacific Railway Company pleaded affirmatively the judgment which it obtained against Eskildsen in the Federal court, and urges that the sustaining of the demurrer to this defense by the superior court was error, for the reason that the grounds which are now urged against it as a basis of liability to the city are the identical grounds which were alleged against it by Eskildsen in the case in the Federal court, and upon which the trial was there had, result-

ing in its favor. We think this position is well taken. The city is here seeking to recover against this railway company because of the negligent manner in which it maintained the planking along its track where Eskildsen was injured, and which it alleges was the cause of his injury. To recover herein and as the foundation for its recovery, it was incumbent upon the city to show that Eskildsen was injured as a result of such negligence on the part of the railway company. This identical question having been by a court of competent jurisdiction determined in favor of the company in a case wherein Eskildsen was a party, it is evident that had the city interposed that judgment in the action against it by Eskildsen, it must have been a complete defense in so far as any negligence of this railway company was concerned. Had it been interposed, Eskildsen could not have recovered any judgment against the city by reason of any negligence of such railway company. The company having notified the city, after the commencement of such action and before it came to trial, of the litigation and judgment in the Federal court, and offered to produce evidence to establish said facts, and requested the city to plead such judgment, we think that by refusing to so do, the city cannot now be permitted to recover against said appellant. The demurrer to this affirmative defense should have been overruled. The evidence offered by appellants, to show that the accident occurred upon the lands of one or both of the appellants and not within the limits of any public street, should have been admitted.

On account of these errors, the judgment of the honorable superior court is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

HADLEY, C. J., RUDKIN, CROW, and MOUNT, JJ., concur.

FULLERTON, J., dissents.