[No. 8972. Department One.  April 14, 1911.]

## THE CITY OF SEATTLE, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*.[1]

INDEMNITY—PLEADING—DEFENSE OF FORMER JUDGMENT—NOTICE—FAILURE TO TAKE ADVANTAGE OF. Where a judgment for personal injuries had been recovered against a city, on account of a defect in a street at a railroad crossing, to be kept in repair by the railroad company, and the city in a subsequent suit sought to recover over therefor from the railroad company, the company's answer, which pleaded a judgment in a former action exonerating it from negligence, with due notice thereof to the city, and request to plead the same as a defense, and that the city wilfully and negligently failed to avail itself of the defense, does not in effect charge a fraudulent or collusive failure to interpose the former judgment as an estoppel, but properly pleads that the city, with notice of the judgment as a valid defense, failed to plead it.

SAME—NOTICE OF DEFENSE—CONCLUSIVENESS OF FORMER JUDGMENT—PERSONS CONCLUDED—PARTICIPATING IN TRIAL. In such a case, the fact that the railroad company's attorney was present in court at the trial and had opportunity to examine the pleadings, and furnished the city with the names of witnesses, does not affect the force of the former judgment exonerating the company from liability.

JUDGMENT—CONCLUSIVENESS—ISSUES—EXTRINSIC EVIDENCE—SCOPE—IDENTITY OF ISSUES. Where there was a verdict and judgment for a railroad company exonerating it from negligence for a defect in a street which it had agreed to keep in repair, saving the city harmless, and in a subsequent suit against the city for the same injury, the company gave the city due notice of the former judgment, but the city failed to avail itself of the defense, suffering judgment for damages, in an action by the city to recover over from the company, the first judgment exonerating the company from negligence is conclusive and binding on the city; and the instructions to the jury in that case are not competent to prove that the scope of the judgment was not a dismissal on the merits; since extrinsic evidence is inadmissible to prove a state of facts at variance with the judgment.

APPEAL—DECISION—FORMER DECISION AS LAW OF CASE. Where the supreme court has held, on a former appeal of a case, that the failure of a city to plead a prior judgment precluded any recovery against the defendant, the decision will be followed as the law of the case on a second appeal.

[1]Reported in 114 Pac. 1038.

5—63 WASH.

Appeal from a judgment of the superior court for King county, Tallman, J., entered September 28, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a contract of indemnity.  Reversed.

*Carroll B. Graves* and *Charles H. Winders,* for appellant.
*Scott Calhoun* and *James E. Bradford,* for respondent.

Gose, J.—There was a former appeal in this case.  See *Seattle v. Northern Pac. R. Co.,* 47 Wash. 552, 92 Pac. 411. The case has since been retried, and the defendant, Northern Pacific Railway Company, has appealed from a judgment entered against it.  The facts pertinent to the present inquiry are as follows: On the 11th day of September, 1900, Edwin Eskildsen, a boy about four years of age, got his foot caught in an opening in the planking on Railroad avenue on the track of the appellant, and while so held was injured by one of the appellant's moving cars.  On September 19, he commenced a suit, through his guardian *ad litem,* in the circuit court of the United States for the western district of Washington, against the appellant, charging that the injury was sustained in consequence of the negligence of the appellant in permitting the opening to exist and in backing the car against him.  Issue was joined on the question of negligence, and the defendant affirmatively alleged that the injury resulted from the negligence of the boy and his father, who was with him when the accident happened.  The reply denied the charge of contributory negligence.  Upon the issue thus joined, the case was tried to a jury, and terminated in a general verdict and judgment in favor of the appellant.  The verdict was filed on the 11th day of February, and the judgment was entered on the 23d day of May following.

After the return and filing of the verdict, but before the entry of the judgment, the boy, by the same guardian, commenced an action against the respondent in the superior court of King county to recover for the same injury, and charging

the same acts of negligence. In the suit in the Federal court it was alleged that the injury was received on Railroad avenue, but the complaint did not expressly state that the avenue was one of the public streets of the city. In the suit in the state court it was alleged that the accident happened on Railroad avenue, and that the avenue was then a public thoroughfare in the city of Seattle. The answer put these matters in issue, and affirmatively alleged that the boy and his father were both guilty of negligence. This was put in issue by the reply. Before the case was at issue, the city notified the appellant of the pendency of the action. Thereafter and on June 19, the appellant, in answer to the notice, notified the respondent that it denied liability to either the boy or the city, for the reasons, (1) that it had not been guilty of any act of negligence; (2) that the injury did not occur on any public highway of the city, but that it occurred upon its private property; (3) that it had been exonerated from liability by a judgment entered in the circuit court in a case involving the same subject-matter. It further notified the respondent of the date of the judgment, the court in which it was entered, the names of the parties to the action, and the issue upon which the judgment was entered, and signified a willingness to furnish it the names of the witnesses. The then corporation counsel for the city acknowledged service of this notice on June 20. The respondent's answer in that case is dated June 26, and was filed on July 2. The action was tried on July 5. The city did not plead the judgment of the Federal court as an estoppel. The trial resulted in a verdict and judgment against the city, which was affirmed upon appeal. *Eskildsen v. Seattle*, 29 Wash. 583, 70 Pac. 64. Thereafter the city commenced this action, for the purpose of recovering the amount of the judgment and costs. It bases its right to recover upon certain obligations arising from franchises which it has granted to appellant and its predecessors in interest.

The appellant denied that the accident happened in a

public street, denied the charges of negligence, and affirmatively pleaded as an estoppel the judgment entered in the Federal court, its notice thereof to the respondent, its offer to produce evidence to establish the estoppel if the respondent would plead the judgment, and that "the city of Seattle further failed and refused to plead, or show by the evidence tendered as aforesaid, that Edwin Eskildsen had brought his action against this defendant in the United States circuit court and that said United States circuit court had entered judgment that no cause of action existed; and by reason of said city failing and refusing to plead such facts and said judgment, and to avail itself of the evidence tendered by defendant, it wilfully and negligently allowed judgment to be taken against it."

On the former appeal three distinct principles were announced: (1) That the action is not barred by the statute; (2) that the former judgment against the respondent did not bar the appellant from proving that the accident did not happen upon a public street; (3) that the failure of the city to plead the judgment of the circuit court as an estoppel precludes a recovery against the appellant. Upon the last question, 47 Wash., at pages 556-7, it was said:

"The Northern Pacific Railway Company pleaded affirmatively the judgment which it obtained against Eskildsen in the Federal court, and urges that the sustaining of the demurrer to this defense by the superior court was error, for the reason that the grounds which are now urged against it as a basis of liability to the city are the identical grounds which were alleged against it by Eskildsen in the case in the Federal court, and upon which the trial was there had, resulting in its favor. We think this position is well taken. The city is here seeking to recover against this railway company because of the negligent manner in which it maintained the planking along its track where Eskildsen was injured, and which it alleges was the cause of his injury. To recover herein and as the foundation for its recovery, it was incumbent upon the city to show that Eskildsen was injured as a result of such negligence on the part of the railway com-

pany.  This identical question having been by a court of
competent jurisdiction determined in favor of the company
in a case wherein Eskildsen was a party, it is evident that
had the city interposed that judgment in the action against
it by Eskildsen, it would have been a complete defense in so
far as any negligence of this railway company was con-
cerned.  Had it been interposed, Eskildsen could not have
recovered any judgment against the city by reason of any
negligence of such railway company.  The company having
notified the city, after the commencement of such action and
before it came to trial, of the litigation and judgment in the
Federal court, and offered to produce evidence to establish
said facts, and requested the city to plead such judgment,
we think that by refusing to so do, the city cannot now be
permitted to recover against said appellant."

Upon the filing of the remittitur below, the respondent re-
plied, denying the affirmative matter set forth.  The re-
spondent put in evidence the judgment roll in the case of
*Eskildsen v. Seattle, supra,* and the appellant put in evidence
the judgment roll in the circuit court.  To meet this and the
new matter which we have quoted from the answer, respond-
ent, over the objection of the appellant, was permitted to
prove that there was no collusion attending the procuring of
the judgment.  Against a like objection, it put in evidence
the instructions to the jury in the circuit court.

The respondent first contends that, in view of this evidence,
the appellant failed to prove its affirmative defense.  By way
of argument it is said that the plea in effect charges a fraudu-
lent or collusive failure to interpose the judgment of the
circuit court as an estoppel or bar to the suit against the
city.  We do not so read it, nor was it so construed on the
former appeal.  A reasonable interpretation of the language
of the plea is that the city, with notice of the judgment,
failed to plead it.  The respondent also offered evidence tend-
ing to show that the attorney for the appellant was present
in court when the jury was being impaneled; that he had an
opportunity to examine the pleadings; and that he furnished
the respondent the names of certain witnesses.  This does

not militate against the force of the judgment of the circuit court under the law of the case as heretofore announced.

It is also argued that the instructions in the circuit court are competent evidence for the purpose of showing "the scope of the thing adjudged." This is shown by the judgment roll. The ultimate fact to be determined in that case was whether there was any liability against the appellant. The judgment determined that there was no liability. The judgment was conclusive between the parties, until reversed or set aside in some appropriate proceeding. The rule that extrinsic or parol evidence may be admitted to show the scope of the judgment has no application here.

"Whenever a judgment in a former action is relied upon as conclusive of a particular point or question, it may be shown by extrinsic evidence, not inconsistent with the record, that such point or question was not adjudicated in that action, if in law the judgment could have been rendered on any other ground." 2 Black, Judgments (2d ed.), § 628.

"If the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties;" *Packet Co. v. Sickles*, 5 Wall. 580.

It is, of course, elementary that extrinsic evidence is not admissible to prove a state of facts at variance with a judgment upon the merits. Otherwise, there would be no stability to a judgment. As was said by Justice Brewer, in *Smith v. Auld*, 31 Kan. 262, 1 Pac. 626:

"The whole philosophy of the doctrine of *res adjudicata* is summed up in the simple statement that a matter once decided is finally decided."

As we said in *Nunn v. Mather*, 60 Wash. 484, 111 Pac. 566: "It is the final judgment entered in a cause which speaks the court's determination." The verdict and judgment could rest only upon the failure of Eskildsen to prove that the appellant was guilty of actionable negligence, or upon it being adjudged that there was contributory neg-

ligence which precluded a recovery. In either case the judgment would be a final determination that there was no cause of action against the appellant. The true rule is stated by Elliott in his work on Evidence, Vol. 2, § 1529, as follows:

"It sometimes happens that it is impossible to determine from the record alone just what issues were involved or litigated or decided in the former action, and whether the issues in the two actions are the same. Parol evidence is not admissible to contradict the record in the former suit, but it may be admissible where there is uncertainty in the record as to whether the precise question was raised and determined, and the general rule has been stated as follows: 'Whenever the form of the issue in the trial relied on as an estoppel is so vague that it does not determine what questions of fact were submitted to the jury under it, it is competent to prove by parol testimony what question or questions of fact were before the jury, and were necessarily passed on by them.' "

*Fayerweather v. Ritch*, 195 U. S. 276, is an instructive case on this question.

It is urged with great earnestness that the law of the case was not correctly announced upon the former hearing, and many authorities are cited which hold that the party who is primarily liable cannot stay out of a case and dictate what defenses shall be interposed. We are disposed, however, to treat the conclusion reached on the former hearing as the law of the case. We are aware that this rule is not an inflexible one and binding upon this court. It is, however, fair to the litigants and the trial court, conducive to orderly procedure, and withal sound judicial policy. We have so ruled in many cases. *Sullivan v. Seattle Elec. Co.*, 51 Wash. 71, 97 Pac. 1109, 130 Am. St. 1082; *Wheeler v. Aberdeen*, 47 Wash. 405, 95 Pac. 135; *Akin v. Bradley Eng. & Mach. Co.*, 51 Wash. 658, 99 Pac. 1038; *Wittler-Corbin Mach. Co. v. Martin*, 53 Wash. 65, 101 Pac. 494; *Menasha Wooden Ware Co. v. Nelson*, 53 Wash. 160, 101 Pac. 720; *Helmer v. Title Guaranty & Surety Co.*, 55 Wash. 558, 104 Pac. 783; *Curry v. Wilson*, 57 Wash. 509, 107 Pac. 367; *Starr v. Long Jim*,

59 Wash. 190, 109 Pac. 810. In applying the law of the case, we do not want to be understood as modifying the rule announced in *Seattle v. Regan & Co.*, 52 Wash. 262, 100 Pac. 731, 132 Am. St. 963.

The judgment is reversed, with directions to enter a judgment for the appellant.

DUNBAR, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.