115 P.3d 342 (2005)
MaryAnna TRAVIS (formerly Anna Lisa McFarlen), Appellant,
v.
Gary BOHANNON and Deborah Bohannon, husband and wife, individually and their marital community, and Amanda Bohannon, individually, MTD Products, Inc., a foreign corporation, Defendants,
Chewelah School District 36, Respondent.
No. 23131-3-III.
Court of Appeals of Washington, Division Three, Panel Three.
June 30, 2005.
*344 Dan B. Johnson, Michael D. Kinkley, Michael D. Kinkley PS, Attorneys at Law, Spokane, WA, for Appellant.
Michael E. McFarland, Attorney at Law, Spokane, WA, for Respondent.
SWEENEY, A.C.J.
¶ 1 MaryAnna Travis appeals the summary dismissal of her negligence action against Chewelah School District 36. The question presented is whether a school district owes a duty of care to students participating in off-campus activities during school hours. If it does, we are asked to decide whether triable issues of fact remain on whether the school district breached that duty and whether the mother's informed consent to the activity superseded and, therefore, relieved the school district of liability. We conclude that the school district owed a duty to this student. Whether the school district breached that duty and the degree to which it was relieved of liability by the mother's consent are questions for the trier of fact. We therefore reverse and remand for trial.

FACTS
¶ 2 MaryAnna Travis[1] and Amanda Bohannon were friends in the 11th grade at Jenkins High School in Chewelah School District 36. Jenkins High School sponsored a "Workday," on a school day. The idea of Workday was that community members could donate $15 for three hours of student work to raise funds for the student body association. Participation was optional. Participating students were to turn in a form naming the "employer" and describing the work performed. The parties dispute whether this form was to be turned in before or after the Workday. Ms. Travis says that the sole purpose of the form was bookkeeping. And so it was to be turned in with the money after the event. Ms. Bohannon also testified that the forms were customarily turned in after Workday. A former school principal testified the purpose of the form was to enable the school to monitor the safety of the proposed activities, and that students were expected to turn it in in advance. The current principal said that either before or after was fine.
¶ 3 Ms. Bohannon's father, Gary Bohannon, proposed to put Ms. Travis and Ms. Bohannon to work splitting logs with a hydraulic log splitter.
¶ 4 Before the Workday, Ms. Travis's mother, Amanda Kavenaugh, agreed to Ms. Travis's splitting and stacking precut firewood for the Bohannons. But no parental permission slip was provided. Ms. Kavenaugh drove Ms. Travis to the Bohannon home on the day of the accident. There, Ms. Kavenaugh and Mr. Bohannon discussed the job. Ms. Kavenaugh learned for the first time that a hydraulic splitter would be used. Mr. Bohannon showed her the machine. Ms. Kavenaugh cautioned Ms. Travis to be careful and left.
¶ 5 Ms. Travis began loading logs while Ms. Bohannon operated a lever that released a hydraulic ram. The manufacturer's operating instructions warn that a single operator should both load the log and pull the lever, thus making it impossible to release the ram without first removing all body parts from the point of contact. Mr. Bohannon did not know this; he thought two people were necessary to operate the machine.
¶ 6 With Ms. Travis's left hand resting on the log she had just positioned, the girls were momentarily distracted when a car pulled into the driveway. Ms. Bohannon released the ram. And Ms. Travis lost three fingers at the first knuckle.

PROCEDURE
¶ 7 Ms. Travis sued Chewelah School District 36 (District). She alleged direct liability in negligence based on breach of a duty of protection owed by the District to the children in its custody. She alleged the District *345 had a duty to supervise and control the Workday because it was a District-approved activity, sponsored by the District, for the financial benefit of the District. Ms. Travis also charged the District with vicarious liability. She alleged a principal-agent relationship between the District and Ms. Bohannon, and also a joint venture between the District and Gary Bohannon. Ms. Travis's claims against the Bohannons are not part of this appeal.
¶ 8 The District moved for summary judgment. It denied any duty to Ms. Travis. And even if the District did have a duty, it asserted that Ms. Travis's mother authorized the activity with direct knowledge of the risk. Her consent was thus an intervening superseding cause of Ms. Travis's injuries that relieved the District of liability.
¶ 9 The court granted summary judgment and dismissed the claims against the District, based on the mother's knowing consent to the activity.

DISCUSSION

DISTRICT'S DUTY OF CARE
¶ 10 Ms. Travis argues that the District had a duty of care for a number of reasons. It is undisputed that the Workday was an official school day. The students were, therefore, in the District's custody. The District sponsored the Workday for purposes that included educational benefits. The District owed then a nondelegable duty to Ms. Travis to take reasonable steps to identify and eliminate any hazards inherent in all planned activities, including off-campus events. And, here, the District took no steps whatsoever. She contends the District did not inquire what work was planned, what machinery would be used, what qualifications, if any, the parents had to supervise the activities, or what safety measures, if any, were in place.
¶ 11 The District responds that Ms. Travis relieved the District of any duty by failing to turn in the Workday form in advance; this left it without notice or actual knowledge of the nature of the work or the potential risks involved. Such notice, the District contends, is a prerequisite to any duty to ensure the physical safety of its students.

Standard of Review
¶ 12 Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); Hutchins v. 1001 Fourth Ave. Assocs., 116 Wash.2d 217, 220, 802 P.2d 1360 (1991). In reviewing an order of summary judgment, we engage in the same inquiry as the trial court. Rhea v. Grandview Sch. Dist. No. JT 116-200, 39 Wash.App. 557, 559, 694 P.2d 666 (1985). We view the facts and all reasonable inferences to be drawn from them in favor of the nonmoving party. Riojas v. Grant County Pub. Util. Dist., 117 Wash.App. 694, 697, 72 P.3d 1093 (2003), review denied, 151 Wash.2d 1006, 87 P.3d 1184 (2004). The nonmoving party here is Ms. Travis.

Negligence
¶ 13 A cause of action for negligence requires the plaintiff to show (1) that the defendant owed a duty to the plaintiff, (2) breach of that duty, (3) an injury, and (4) a proximate cause between the breach and the injury. Tincani v. Inland Empire Zoological Soc'y, 124 Wash.2d 121, 127-28, 875 P.2d 621 (1994). The threshold determination of whether a defendant owes a duty to a plaintiff is a question of law. Hutchins, 116 Wash.2d at 220, 802 P.2d 1360; Pedroza v. Bryant, 101 Wash.2d 226, 228, 677 P.2d 166 (1984).

Existence of Duty
¶ 14 A school district is liable for the tortious acts or omissions of its officers, agents, or servants, according to the normal rules of tort law. RCW 4.08.120; Briscoe v. Sch. Dist. No. 123, Grays Harbor County, 32 Wash.2d 353, 361, 201 P.2d 697 (1949).
¶ 15 The general rule is that schools have a duty to protect students in their custody from reasonably foreseeable harm. McLeod v. Grant County Sch. Dist. *346 No. 128, 42 Wash.2d 316, 320, 255 P.2d 360 (1953). A school district is not an insurer of the safety of its pupils. Peck v. Siau, 65 Wash.App. 285, 293, 827 P.2d 1108 (1992). But it will be held liable for injuries arising from the foreseeable wrongful acts of a third party. Id. (citing McLeod, 42 Wash.2d at 320-21, 255 P.2d 360). Harm is foreseeable if the risk from which it results was known or in the exercise of reasonable care should have been known. Id. (citing RESTATEMENT (SECOND) OF TORTS § 320, cmt. d (1965); RESTATEMENT (SECOND) OF AGENCY § 213, cmt. d (1958)).
¶ 16 Actual custody or compulsory attendance on the premises is not required; liability may attach when a school supervises and exercises control over extracurricular activities. Rhea, 39 Wash.App. at 560, 694 P.2d 666. Schools are expected to anticipate dangers that may reasonably be anticipated and to take reasonable precautions. McLeod, 42 Wash.2d at 320, 255 P.2d 360. Two factors determine the scope of a school's legal duty: the student-school relationship, and the general nature of the risk. Id. at 319, 255 P.2d 360. In McLeod, the school was liable when a girl was raped in an unlocked room under the playing field bleachers while the students were not supervised by an adult. Id. at 318, 255 P.2d 360.
¶ 17 The usual relationship between student and school is that the child must attend school and obey school rules. Id. at 319, 255 P.2d 360. Students under the control and protection of the school are thus not able to protect themselves. Hutchins, 116 Wash.2d at 228, 802 P.2d 1360. The protective custody of teachers is substituted for that of the parents. McLeod, 42 Wash.2d at 319, 255 P.2d 360. The supervisory duty of a school extends to off-campus extra-curricular activities under the supervision of district employees such as athletic coaches, band directors, and debate coaches. Carabba v. Anacortes Sch. Dist. No. 103, 72 Wash.2d 939, 956, 435 P.2d 936 (1967).
¶ 18 A school may be liable for harm caused by the intervening acts of third persons. "If, under the assumed facts, such intervening force is reasonably foreseeable, a finding of negligence may be predicated thereon." McLeod, 42 Wash.2d at 320, 255 P.2d 360 (citing Berglund v. Spokane County, 4 Wash.2d 309, 103 P.2d 355 (1940); PROSSER ON TORTS § 49, at 354). The negligence of third parties is generally considered foreseeable. The occurrence is not foreseeable only when it is "so highly extraordinary or improbable as to be wholly beyond the range of expectability." McLeod, 42 Wash.2d at 323, 255 P.2d 360.
¶ 19 We ask whether the harm that occurred is of a sort that was within a "general field of danger" that should have been anticipated. Id. at 321, 255 P.2d 360 (citing Berglund, 4 Wash.2d 309, 103 P.2d 355; HARPER, LAW OF TORTS § 7, at 14; 2 RESTATEMENT OF TORTS § 435, at 1173). In McLeod, for example, the question was not whether the school should have anticipated forcible rape by 12-year-olds, but whether a "darkened room under the bleachers might be utilized during periods of unsupervised play for acts of indecency between school boys and girls." McLeod, 42 Wash.2d at 322, 255 P.2d 360. Safeguarding the children from the general danger would have protected the rape victim from the particular harm. Id.
¶ 20 A school district then has a duty to "exercise such care as an ordinarily reasonable and prudent person would exercise under the same or similar circumstances." Briscoe, 32 Wash.2d at 362, 201 P.2d 697. And here we conclude that the students were in the District's custody and the District owed them a duty of reasonable care.

Breach
¶ 21 What constitutes reasonable care and whether a defendant breached its duty are generally questions of fact. Richland Sch. Dist. v. Mabton Sch. Dist., 111 Wash.App. 377, 389, 45 P.3d 580 (2002); Hertog v. City of Seattle, 138 Wash.2d 265, 275, 979 P.2d 400 (1999).
¶ 22 Here, a reasonable jury could find that the District could and should have taken appropriate steps to find out what was planned at each Workday location and to identify obvious safety problems. And it was certainly within its power to do so. Ms. *347 Travis presented evidence that the school expected students to turn in the form identifying the employer and describing the work along with the donation check after Workday.
¶ 23 The District argues that it had no actual knowledge of the potential danger to Ms. Travis and had no duty to inquire. But actual knowledge of the particular danger is not required if the general nature of the harm is foreseeable under the circumstances. McLeod, 42 Wash.2d at 322, 255 P.2d 360. A jury could well find that serious injury is the sort of harm that is foreseeable when children are sent out into the community to perform unspecified labor under unknown conditions with uncertain supervision. Arguably, a reasonably prudent person would have inquired.
¶ 24 Ms. Travis has alleged facts sufficient to merit a jury determination as to what constituted reasonable care in this case and whether the District met the standard. A reasonable jury could easily find that the District breached a duty of reasonable care to, at a minimum, inquire into the nature of the proposed work, the risks involved, and the adequacy of supervision.

PROXIMATE CAUSE
¶ 25 But a school district is liable solely for injuries of which its breach of duty is a proximate cause. Coates v. Tacoma Sch. Dist. No. 10, 55 Wash.2d 392, 398-99, 347 P.2d 1093 (1960).
¶ 26 The District contends that here Ms. Travis's mother broke the chain of proximate cause and relieved it of all liability when she gave her own informed consent to the log-splitting activity. The District maintains that any breach of its own duty to investigate and supervise was superseded as a cause of the harm by the mother's actions as a matter of law. And Ms. Kavenaugh was entirely responsible for this accident. This was the basis of the trial court's summary judgment order.
¶ 27 Ms. Travis responds that the District's duty was nondelegable. Carabba, 72 Wash.2d at 956, 435 P.2d 936. She compares the facts here to situations where a parent brings a student to an after-hours, school-sponsored wrestling meet or drops a child off at school on a day when machine shop class is taught. The fact that the parent consented to the child's attendance and participation does not relieve the school of responsibility for the safety of the child. Ms. Travis contends that any negligence on the part of her mother was at most a contributing factor, not a superseding one. It did not then relieve the District of liability for the foreseeable consequences of its own negligence.
¶ 28 If a new, independent act breaks the chain of causation, the original negligence is no longer a proximate cause of the injury and the defendant is not liable for the injury. Riojas, 117 Wash.App. at 697, 72 P.3d 1093. A superseding cause is an occurrence that intervenes so as to relieve the actor from liability for harm to another for which his antecedent negligence is a substantial cause. RESTATEMENT (SECOND) OF TORTS § 440.
[I]f in looking back from the harm and tracing the sequence of events by which it was produced, it is found that a superseding cause has operated, there is no need of determining whether the actor's antecedent conduct was or was not a substantial factor in bringing about the harm.
RESTATEMENT (SECOND) OF TORTS § 440, cmt. b.
¶ 29 Here, the trial court concluded that the actions of Ms. Travis's mother in giving informed consent to Ms. Travis's use of the hydraulic splitter and the manner of its use was a new and independent cause of the injury that superseded the District's negligence and relieved the District of liability.
¶ 30 But the analyses of duty and proximate cause often overlap and are always subject to policy considerations. Hartley v. State, 103 Wash.2d 768, 779, 698 P.2d 77 (1985). Again, the threshold determination of whether a particular defendant owes any duty of care to the plaintiff is determined by the court as a question of law. Schooley v. Pinch's Deli Mkt., Inc., 134 Wash.2d 468, 475, 951 P.2d 749 (1998). The issue of proximate cause, by contrast, is usually a question for the trier of fact. Levea v. G.A. Gray *348 Corp., 17 Wash.App. 214, 219, 562 P.2d 1276 (1977). Specifically, Washington courts have consistently held that it is for the jury to determine whether the act of a third party is a superseding cause or simply a concurring one. Eckerson v. Ford's Prairie Sch. Dist. No. 11, 3 Wash.2d 475, 483-84, 101 P.2d 345 (1940).
¶ 31 There may be more than one proximate cause of an injury. State v. Jacobsen, 74 Wash.2d 36, 37, 442 P.2d 629 (1968). And the concurrent negligence of a third party does not break the chain of causation between original negligence and the injury. Id. If the defendant's original negligence continues and contributes to the injury, the intervening negligence of another is an additional cause. It is not a superseding cause and does not relieve the defendant of liability. Doyle v. Nor-West Pac. Co., 23 Wash.App. 1, 6, 594 P.2d 938 (1979); Eckerson, 3 Wash.2d 475, 101 P.2d 345.
¶ 32 The general rule is that the contributing concurrent negligence of a third person is not a defense if the defendant's negligence was an "efficient cause" without which the injury would not have occurred. Eskildsen v. City of Seattle, 29 Wash. 583, 586, 70 P. 64 (1902). The rule is found in Restatement (Second) of Torts § 439: "If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious, or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability."
¶ 33 In Eskildsen, for example, the city was liable for injuries to a child whose foot caught in a defective railroad track in the street and the child was run over by a train. The city's negligence was a proximate cause, rendering the city liable, notwithstanding the contributing negligence of the railroad company and of the child's father. Eskildsen, 29 Wash. 583, 70 P. 64. In Eckerson, a child lost her balance on the stairs and was injured when another child suddenly closed a door at the bottom of the stairwell causing the plaintiff child's arm to go through the glass in the door. The child's contributory conduct did not relieve the school district of liability for the dangerous condition of the stairwell. Eckerson, 3 Wash.2d at 483-84, 101 P.2d 345.
¶ 34 A jury might well find the District's continuing negligence in failing to exercise care in organizing the Workday and exposing its students to unknown hazards in the community without supervision was a proximate cause without which Ms. Travis's injury would not have occurred. The jury could also find that the negligent act of the mother, while also a proximate cause, merely combined or concurred with the continuing effect of the District's negligence to produce the result, but did not supersede it. See Eckerson, 3 Wash.2d at 483-84, 101 P.2d 345. The jury could even find that the mother's poor judgment was not independent of the District's negligence, but that the District lulled the mother into false complacency about the hazards or in which she was reluctant to embarrass her daughter in front of her friend and the friend's consenting parent by withholding her consent at the last minute.
¶ 35 In summary, Ms. Travis presented sufficient evidence to entitle her to a jury verdict on whether her mother's conduct superseded that of the District or merely concurred and contributed to it.

AGENCY
¶ 36 Ms. Travis also raises a couple of theories of vicarious liability against the District by means of the agency of Amanda Bohannon and Gary Bohannon.
¶ 37 A duty owed to students by school districts may be found in the law of agency. Carabba, 72 Wash.2d at 958, 435 P.2d 936.
A master or other principal who is under a duty to provide protection for or to have care used to protect others or their property and who confides the performance of such duty to a servant or other person is subject to liability to such others for harm caused to them by the failure of such agent to perform the duty.
RESTATEMENT (SECOND) OF AGENCY § 214.
¶ 38 The duty owed by the District here falls under section 214 and is described in *349 comment a thereto. There is a category of duty to see that due care is used in the protection of another. This duty is not satisfied by delegating its performance to another, however carefully. It is satisfied if and only if the person to whom the task of protection is delegated is careful in giving the protection. Thus, the District's nondelegable duty of care is primary, rather than vicarious. Carabba, 72 Wash.2d at 957-58, 435 P.2d 936.
¶ 39 The District owed Ms. Travis a nondelegable duty of reasonable care. Whether the District was relieved of liability by the action of Ms. Kavenaugh is a jury question.
¶ 40 Reverse and remand for trial.
WE CONCUR: SCHULTHEIS and BROWN, JJ.
NOTES
[1] Ms. Travis was then called Anna Lisa McFarlen. Clerk's Papers at 66.