**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORETTA HOYT, | No. 13-35573 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01648-TSZ |
| v. | |
| LOCKHEED MARTIN CORPORATION, individually and as successor-in-interest to Puget Sound Bridge and Dredging Company and LOCKHEED SHIPBUILDING COMPANY, individually and as successor-in-interest to Puget Sound Bridge and Dredging Company, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted August 28, 2013
Seattle, Washington

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Loretta Hoyt claims that she developed cancer from her exposure to asbestos carried home, first by her father, and later by her husband, during the period from 1948 to 1958. Appellee Lockheed Martin is the successor-in-interest of the shipyard where Hoyt's father and husband were allegedly exposed to asbestos during their employment. Hoyt sued Lockheed for negligence under Washington state law, and Lockheed moved for summary judgement, arguing that it did not owe Hoyt a duty of care, and even if it did, the harm was not foreseeable. The district court granted the motion, reasoning that while, in general, employers owe the family members of their employees a duty of care to prevent harm from take-home exposure to asbestos, Hoyt had not established a genuine issue of material fact that harm from such exposure was foreseeable to Lockheed during the relevant time period. We agree that Hoyt has failed to create a genuine issue of material fact regarding foreseeability, and we affirm.

Under Washington law, "[f]oreseeability is . . . one of the elements of negligence." *Maltman v. Sauer*, 530 P.2d 254, 258 (Wash. 1975) (en banc) (citation and internal quotation marks omitted). In order for the plaintiff to prevail, a factfinder must determine that the harm she suffered was within a "foreseeable range of danger." *Simonetta v. Viad Corp.*, 197 P.3d 127, 131 n.4 (Wash. 2008).

2

On this record, no reasonable factfinder could conclude that harm from take-home exposure to asbestos should have been foreseeable to Lockheed by 1958. Hoyt's own scientific expert, Dr. Barry Castelman, stated that "[s]tudies on the occurrence of asbestos disease that included family members of asbestos-exposed workers were not published until the 1960s." Hoyt argues that even if no scientific study detailing the risk from take-home exposure to asbestos had been published by the time of her exposure, several other pieces of evidence suggest that Lockheed should have known of the risk. She offers that federal regulations required employers to provide separate facilities and lockers to employees exposed to asbestos to prevent the contamination of their homes. These laws aim to limit exposure to "contaminants hazardous to [the] health" of "workers," not their families. Similarly, she cites state safety standards that required employees change clothes and shower after being exposed to hazardous materials, including asbestos. But these standards focus on safeguarding the health of the worker. Further, Hoyt points to minutes from the 1945 Pacific Shipyard Safety Conference, which concerned "occupational hazards," and precautions similar to those mandated by the regulations and safety standards taken by other companies, but there is no evidence that Lockheed knew or should have known of these precautions or the basis for them. Hoyt has not produced evidence sufficient to permit a reasonable

3

jury to conclude that Lockheed should have foreseen harm from take-home exposure to asbestos by 1958.

Hoyt argues that even if Lockheed could not have foreseen that she would be harmed by take-home exposure to asbestos, the harm she suffered was within a foreseeable "general field of danger." Under Washington law, it is enough that the "risk from which [the harm] results was known or in the exercise of reasonable care should have been known" even if the particular harm was unknown. *Travis v. Bohannon*, 115 P.3d 342, 346 (Wash. Ct. App. 2005); *see also McLeod v. Grant Cty. Sch. Dist. 128*, 255 P.2d 360, 363 (Wash. 1953) (en banc); *Berglund v. Spokane Co.*, 103 P.2d 355, 361 (Wash. 1940). Hoyt urges that because companies knew that exposure to asbestos was harmful to their employees, and because they knew that take-home exposure to some hazardous materials could be harmful to family members of their employees, harm to family members from take-home exposure to asbestos was within a foreseeable "general field of danger." However, Washington courts assess foreseeability based on the risk posed by the particular hazardous material in question to the class of people in the plaintiff's position, not to the risks posed by all hazardous materials to all people. *See Lockwood v. AC&S, Inc.*, 744 P.2d 605, 615-616 (Wash. 1987) (en banc) (in negligence action against shipyard owner, evidence that factory owners knew of the risks of asbestos to their

employees was relevant, but the question for trial was whether the evidence proved that shipyard owners should have known of the risks of asbestos to their employees).

Because Lockheed is entitled to summary judgment on the basis of foreseeability, we do not reach the issue of whether Washington law recognizes a duty of care to prevent harm from take-home exposure to asbestos.

**AFFIRMED.**